# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**178**

**KA 10-01144**

PRESENT: SCUDDER, P.J., CENTRA, CARNI, SCONIERS, AND GORSKI, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                                  MEMORANDUM AND ORDER

CORNELL LONG, DEFENDANT-APPELLANT.

---

THE LEGAL AID BUREAU OF BUFFALO, INC., BUFFALO (TIMOTHY P. MURPHY OF COUNSEL), FOR DEFENDANT-APPELLANT.

FRANK A. SEDITA, III, DISTRICT ATTORNEY, BUFFALO (SHAWN P. HENNESSY OF COUNSEL), FOR RESPONDENT.

---

Appeal from an order of the Supreme Court, Erie County (John L. Michalski, A.J.), entered September 21, 2009. The order determined that defendant is a level two risk pursuant to the Sex Offender Registration Act.

It is hereby ORDERED that the case is held, the decision is reserved and the matter is remitted to Supreme Court, Erie County, for further proceedings in accordance with the following Memorandum: Defendant appeals from an order determining that he is a level two risk pursuant to the Sex Offender Registration Act (Correction Law § 168 *et seq.*). We reject defendant's contention that Supreme Court erred in assessing 15 points against him under the risk factor for number and nature of prior crimes, based on his previous youthful offender adjudication. "In the context of the criminal history section of the risk assessment instrument [RAI], the term crime includes criminal convictions, youthful offender adjudications and juvenile delinquency findings" (*People v Irving*, 45 AD3d 1389, 1389, *lv denied* 10 NY3d 703 [internal quotation marks omitted]).

We agree with defendant, however, that the court failed to comply with Correction Law § 168-n (3), pursuant to which the court was required to set forth the findings of fact and conclusions of law upon which it based its determination. The statement of the court that it reviewed the case summary, RAI and all relevant information and evidence and that it accepted the findings contained in the case summary and RAI, without further explanation, was insufficient to meet the statutory requirement (*see People v Flax*, 71 AD3d 1451; *People v Hubel*, 70 AD3d 1492, 1493-1494; *People v Cullen*, 53 AD3d 1105). "[T]he failure of the court to set forth [those] findings of fact and conclusions of law . . . 'preclud[es] meaningful appellate review of the propriety of the court's risk level assessment' " (*Flax*, 71 AD3d at 1452). We therefore hold the case, reserve decision and remit the

matter to Supreme Court for compliance with the statute (*see Cullen*, 53 AD3d 1105; *People v Terrill*, 17 AD3d 1045).

Entered:  February 18, 2011                  Patricia L. Morgan
                                             Clerk of the Court