# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1124**
**KA 10-01144**
PRESENT: SCUDDER, P.J., CENTRA, CARNI, SCONIERS, AND GORSKI, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                          MEMORANDUM AND ORDER

CORNELL LONG, DEFENDANT-APPELLANT.

---

THE LEGAL AID BUREAU OF BUFFALO, INC., BUFFALO (VINCENT F. GUGINO OF COUNSEL), FOR DEFENDANT-APPELLANT.

FRANK A. SEDITA, III, DISTRICT ATTORNEY, BUFFALO (SHAWN P. HENNESSY OF COUNSEL), FOR RESPONDENT.

---------------------------------------------------------------------------------------------

Appeal from an order of the Supreme Court, Erie County (John L. Michalski, A.J.), entered September 21, 2009. The appeal was held by this Court by order entered February 18, 2011, decision was reserved and the matter was remitted to Supreme Court, Erie County, for further proceedings (81 AD3d 1432). The proceedings were held and completed.

It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.

Memorandum: We previously held this case, reserved decision and remitted the matter to Supreme Court for compliance with Correction Law § 168-n (3), based on the court's failure "to set forth the findings of fact and conclusions of law upon which it based its determination" (*People v Long*, 81 AD3d 1432, 1433). We agree with defendant that, upon remittal, the court failed to set forth its findings of fact and conclusions of law in an adequate manner, i.e., the court failed to note the "evidence upon which" its determination was based (*People v Smith*, 11 NY3d 797, 798), and the court was required to provide more than "a generic listing of factors" (*People v Miranda*, 24 AD3d 909, 911). Nevertheless, we conclude that "the record before us is sufficient to enable us to make our own findings of fact and conclusions of law, thus rendering [further] remittal unnecessary" (*People v Urbanski*, 74 AD3d 1882, 1883, *lv denied* 15 NY3d 707; *see People v Pardo*, 50 AD3d 992, *lv denied* 11 NY3d 703).

Upon exercising our authority to make findings of fact and conclusions of law, we conclude that the court properly determined that defendant is a level two risk under the Sex Offender Registration Act (Correction Law § 168 *et seq.*). In the prior appeal, we determined that the court properly assessed 15 points against defendant under the risk factor for number and nature of prior crimes (*Long*, 81 AD3d at 1433), and we now conclude that, contrary to

defendant's contention, the People met their burden of proving that 15 points should be assessed against him under the risk factor for drug or alcohol abuse.  Because "[a]n assessment of 15 points is warranted under that risk factor where[, inter alia,] 'an offender . . . was abusing drugs and or alcohol at the time of the offense' " (*People v McClam*, 63 AD3d 1588, 1589, *lv denied* 13 NY3d 704, quoting Sex Offender Registration Act: Risk Assessment Guidelines and Commentary, at 15 [2006]), we conclude that defendant's admission that he was drinking alcohol during the 1½-hour period immediately preceding his offense provides a sufficient basis upon which to assess the points (*see People v Robinson*, 55 AD3d 708, 708, *lv denied* 11 NY3d 713).

Inasmuch as defendant "does not contest the court's determination with respect to any of the other risk factors[,] we therefore do not address them" (*Urbanski*, 74 AD3d at 1883).  Thus, we conclude that the remainder of the court's determination is valid, and that the court properly determined defendant to be a level two risk.

Entered:  November 18, 2011                    Patricia L. Morgan
                                               Clerk of the Court