[984 NE2d 917, 960 NYS2d 719]

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICHAEL PALMER, Appellant.

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CORNELL LONG, Appellant.

Argued January 7, 2013; decided February 12, 2013

## POINTS OF COUNSEL

*Lynn W.L. Fahey, Appellate Advocates*, New York City (*Anna Pervukhin* of counsel), for appellant in the first above-entitled action. The Court erroneously elevated appellant's Sex Offender Registration Act risk level by assessing him points for "drug and alcohol abuse" when the only relevant evidence was appellant's statement that he drank some alcohol at an after work party the same night he committed the first of a series of sexual offenses. (*Doe v Pataki*, 3 F Supp 2d 456; *People v Versaggi*, 83 NY2d 123; *People v Hedgeman*, 70 NY2d 533; *People v Wyatt*, 89 AD3d 112; *People v Mingo*, 12 NY3d 563; *People v Faul*, 81 AD3d 1246; *People v Irizarry*, 36 AD3d 473; *People v Titmas*, 46 AD3d 1308; *People v Collazo*, 7 AD3d 595; *People v Hueber*, 81 AD3d 1466.)

*Charles J. Hynes, District Attorney*, Brooklyn (*Adam M. Koelsch, Leonard Joblove* and *Anthea H. Bruffee* of counsel), for respondent in the first above-entitled action. The hearing court properly assessed defendant points for the risk factor of "drug or alcohol abuse," based upon clear and convincing evidence that he was drinking alcohol on the night that he first sexually abused the victim. Thus, defendant's designation as a risk level two (moderate risk) sex offender was proper. (*People v Alemany*, 13 NY3d 424; *People v Sterling*, 71 AD3d 654; *People v Britt*, 66 AD3d 853; *People v Robinson*, 55 AD3d 708; *People v Long*, 89 AD3d 1513, 18 NY3d 809; *People v Stirrup*, 91 NY2d 434; *People v Giordano*, 87 NY2d 441; *Rocovich v Consolidated Edison Co.*, 78 NY2d 509; *People v Faul*, 81 AD3d 1246; *People v Titmas*, 46 AD3d 1308.)

*Barbara J. Davies, Legal Aid Bureau of Buffalo, Inc.*, Buffalo (*Vincent F. Gugino* and *David C. Schopp* of counsel), for appellant in the second above-entitled action. The Appellate Division erred when it found appellant to be a level two sexual offender after previously holding that the record was insufficient for meaningful appellate review and after the Sex Offender Registration Act hearing court again on the same record failed to make adequate findings of fact. (*People v Miranda*, 24 AD3d 909; *People v Mingo*, 12 NY3d 563; *People v Deturris*, 90 AD3d 727; *People v Leopold*, 13 NY3d 923; *People v Smith*, 11 NY3d 797; *People v Wyatt*, 89 AD3d 112; *People v Mabee*, 69 AD3d 820;

*People v Hueber*, 81 AD3d 1466; *People v Pettigrew*, 14 NY3d 406; *Mathews v Eldridge*, 424 US 319.)

*Frank A. Sedita, III, District Attorney*, Buffalo (*David A. Heraty* and *Donna A. Milling* of counsel), for respondent in the second above-entitled action. Defendant is properly classified as a level two sex offender. (*People v Robinson*, 55 AD3d 708, 11 NY3d 713; *People v Faul*, 81 AD3d 1246.)

### OPINION OF THE COURT

Chief Judge LIPPMAN.

Under the Sex Offender Registration Act (SORA), Guidelines, and commentary, offenders are assessed 15 points under risk factor 11 if they have a history of drug or alcohol abuse or if they were abusing drugs or alcohol at the time of the sex offense. At issue in these two appeals is the extent of proof necessary to constitute clear and convincing evidence of "drug or alcohol abuse" under the SORA Guidelines. As the proof in these two cases failed to meet this standard, we conclude that Supreme Court improperly assessed each defendant.

### I.

#### *Palmer*

Defendant Michael Palmer was convicted of criminal sexual act in the second degree for sexually molesting his underage victim over a period of two years. When he was being interviewed for his presentence report, Palmer told the Probation Department that he "had been drinking alcohol at an after work party on the date he committed the [first] offense" in the summer of 2007. Defense counsel later stated that Palmer hoped to mitigate his behavior by telling the Probation Department that he had been drinking the first time he sexually abused his victim. There was no evidence that Palmer was intoxicated or used drugs or alcohol at any other time. In his presentence interview, Palmer denied abusing alcohol or drugs.

At the SORA hearing, the court assessed Palmer a total of 80 points, including 15 points for drug or alcohol abuse, and Palmer was designated a level two sex offender. The Appellate Division affirmed and determined that the Supreme Court properly assessed Palmer 15 points for drug or alcohol abuse "based upon his admission that he was using alcohol at the time of the offense" (88 AD3d 676, 676 [2d Dept 2011]). This Court granted Palmer leave to appeal (18 NY3d 804 [2012]).

*Long*

Defendant Cornell Long was convicted of one count of criminal sexual act in the third degree for forcing his live-in girlfriend to have anal and oral sex. Long told the Probation Department at his presentence interview that on the night in question, he had a few beers between 11:00 p.m. and 12:30 a.m. and became depressed while thinking about his deceased brother. Long also stated that he occasionally drank alcohol and usually consumed two or three beers once a month. Long averred that he never received a substance abuse evaluation or enrolled in alcohol treatment. At the SORA hearing, Long was designated a level two sex offender.

The Appellate Division reserved decision and remitted the matter to Supreme Court, since the lower court failed to comply with Correction Law § 168-n by not setting forth findings of fact and conclusions of law (81 AD3d 1432, 1432-1433 [4th Dept 2011]). Upon remittal, Supreme Court once again failed to set forth any findings of fact. The court assessed Long a total of 80 points, including 15 points for a history of substance abuse, and designated Long a level two sex offender. The Appellate Division affirmed, recognizing that the court below failed to set forth its findings of fact and conclusions of law in an adequate manner but deciding that the record before it was sufficient to enable the appellate court to make its own findings of fact (89 AD3d 1513, 1513 [4th Dept 2011]). The Appellate Division determined that Supreme Court properly adjudicated Long a level two sex offender and that Long was properly assessed 15 points under the history of alcohol abuse risk factor because he admitted to drinking alcohol 1½ hours prior to committing the offense (89 AD3d at 1514). This Court granted Long leave to appeal (18 NY3d 809 [2012]).

## II.

The SORA Guidelines were developed to "assess the risk of a repeat offense by [a] sex offender and the threat posed to the public safety" (Correction Law § 168-*l* [5]). The Board of Examiners of Sex Offenders (SORA Board) created an objective assessment instrument that assigns numerical values to each risk factor, and the offender's risk level is calculated by adding the points the offender scores in each category (Sex Offender Registration Act: Risk Assessment Guidelines and Commentary at 3 [2006]). Under the criminal history category of the SORA Guidelines, 15 points are assessed under risk factor 11 if the

offender "has a history of drug or alcohol abuse." Correction Law § 168-*l* (5) (a) (ii) provides that "repetitive and compulsive behavior, associated with drugs or alcohol" should be taken into consideration when assessing the risk of a repeat offense. While both the statute and the Guidelines textually provide that individuals with a history of drug or alcohol abuse are to be assessed points, the commentary to the Guidelines notes that points for drug or alcohol abuse may be assessed even if the offender abused substances only "at the time of the offense." The commentary to the SORA Guidelines describes risk factor 11 as follows:

> "Alcohol and drug abuse are highly associated with sex offending. The literature indicates that use of these substances does not cause deviate behavior; rather it serves as a disinhibitor and therefore is a precursor to offending. The guidelines reflect this fact by adding 15 points if an offender has a substance abuse history or was abusing drugs and or alcohol at the time of the offense. The category focuses on the offender's history of abuse and the circumstances at the time of the offense. It is not meant to include occasional social drinking" (Guidelines and Commentary at 15 [citations omitted]).

As indicated by the Guidelines and commentary, the drug or alcohol abuse category only applies in instances where the offender had a history of alcohol or drug abuse or where the offender consumed sufficient quantities of these substances such that the offender can be shown to have abused alcohol or drugs. Since the Board commented that "occasional social drinking" is not counted as alcohol abuse, periodic, moderate drinking of alcoholic beverages does not qualify as abuse[1] under the SORA risk factors and does not warrant the assessment of points. In order to demonstrate that an offender was "abusing . . . alcohol at the time of the offense," the People must show by clear and convincing evidence that the offender used alcohol in excess either at the time of the crime or repeatedly in the past (*id.*). The purpose of the SORA Guidelines is to identify behavior that is relevant to the risk of reoffending. A sex offender who abuses alcohol prior to committing a sex offense represents a greater risk to the community and must be more carefully monitored. Only alcohol abusers should be subject to stricter scrutiny and

---

[1]. We note, however, that a one-time or occasional use of illegal drugs may raise different issues from social or occasional drinking.

assessed a higher point level under the SORA Guidelines, as opposed to occasional, moderate social drinkers.[2]

■ In *Palmer*, the hearing court should not have assessed defendant 15 points for drinking at an after work party on the day he committed his first sex offense against his victim. There was no evidence that Palmer had a history of alcohol abuse. There was also no indication in the record that Palmer abused alcohol by drinking in excess, that Palmer became intoxicated, or that alcohol affected his behavior on the day in question. It is not clear from the record what time the drinking occurred, how much Palmer had to drink, and how much time passed before he abused his victim. Palmer's admission that he had been socially drinking before abusing his victim for the first time, is not itself proof of alcohol abuse. Clear and convincing evidence of alcohol abuse at the time of the offense might consist of proof of an excessive quantity of alcohol imbibed, proof that the offender was impaired, or proof that there was a direct link between the offender's drinking and his sex predation. Here, there was no evidence that Palmer drank alcohol at any of the other times he offended.

■ The People also failed to demonstrate in *Long* that defendant's 90 minutes of beer drinking constituted alcohol abuse. The People failed to prove the number of drinks Long imbibed, failed to show that his drinking was excessive, failed to demonstrate that defendant was intoxicated, and failed to provide evidence that his drinking was causally linked to the sexual assault. To prove alcohol abuse by clear and convincing evidence, the People would have had to present additional evidence as to defendant's behavior and drinking, which in this case might have been obtained from the adult victim. The Court can only speculate regarding whether defendant abused alcohol on the night in question and whether the drinking led to his deviant behavior. While undoubtedly alcohol plays a pernicious role in various domestic violence disputes and sexual assaults, the record before us contains no clear evidence that Long abused alcohol. The Diagnostic and Statistical Manual of Mental Disorders, Fourth Edition (American Psychiatric Association

---

2. [1] To the extent that lower courts have determined that alcohol use, as opposed to abuse, is sufficient for the assessment of points under risk factor 11, these cases should not be followed (*e.g. People v Sterling*, 71 AD3d 654, 654 [2d Dept 2010], *lv denied* 15 NY3d 703 [2010]; *People v Britt*, 66 AD3d 853, 854 [2d Dept 2009], *lv denied* 13 NY3d 716 [2010]).

[2004]) (DSM-IV-TR) describes one symptom of alcohol abuse as "continued [alcohol] use despite having persistent or recurrent social or interpersonal problems caused or exacerbated by the effects of the [alcohol]."[3] Consequently, evidence of a causal link between alcohol use and persistent social or relationship problems is a sign of alcohol abuse, which the People failed to show here.

Long's contention that the Appellate Division improperly made its own findings of fact and conclusions of law is without merit. The Appellate Division acted within its powers when it reviewed the record and made the findings of fact required by the statute.

### III.

Accordingly, the Appellate Division order in *Palmer* should be reversed, without costs, and the case remitted to Supreme Court for further proceedings in accordance with the opinion. The Appellate Division order in *Long* should also be reversed, without costs, and the case remitted to Supreme Court for further proceedings in accordance with the opinion.

Judges GRAFFEO, READ, SMITH and PIGOTT concur; Judge RIVERA taking no part.

In *People v Palmer*: Order reversed, without costs, and case remitted to Supreme Court, Kings County, for further proceedings in accordance with the opinion herein.

In *People v Long*: Order reversed, without costs, and case remitted to Supreme Court, Erie County, for further proceedings in accordance with the opinion herein.

---

3. Though the DSM-IV-TR provides some guidance on what constitutes "alcohol abuse," the SORA Board took a more expansive view of abuse and determined that points can be assessed under risk factor 11 even where there is no recurrent conduct. In order to give meaning to the language of the SORA Guidelines and commentary, we conclude that the People do not have to present evidence of a pattern of conduct to find that an offender abused alcohol.