■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SUNIL ROHOMAN, Appellant. [994 NYS2d 389]—

Appeal by the defendant from an order of the Supreme Court, Kings County (Foley, J.), dated October 18, 2012, which, after a hearing, designated him a level three sexually violent offender pursuant to Correction Law article 6-C.

Ordered that the order is reversed, on the law, without costs or disbursements, and the defendant is designated a level two sexually violent offender.

In establishing an offender's appropriate risk level assessment pursuant to the Sex Offender Registration Act (*see* Correction Law art 6-C [hereinafter SORA]), the People bear "the burden of proving the facts supporting the determinations sought by clear and convincing evidence" (Correction Law § 168-n [3]; *see People v Wyatt*, 89 AD3d 112, 117-118 [2011]). "[E]vidence may be derived from the defendant's admissions, the victim's statements, evaluative reports completed by the supervising probation officer, parole officer, or corrections counselor, case summaries prepared by the Board . . . or any other reliable source, including reliable hearsay" (*People v Crandall*, 90 AD3d 628, 629 [2011]; *see People v Mingo*, 12 NY3d 563, 573 [2009]).

With regard to risk factor 11, "[a]s indicated by the [SORA] Guidelines and commentary, the drug or alcohol abuse category only applies in instances where the offender had a history of alcohol or drug abuse or where the offender consumed sufficient quantities of these substances such that the offender can be shown to have abused alcohol or drugs" (*People v Palmer*, 20 NY3d 373, 378 [2013]). However, "occasional social drinking" is not counted as alcohol abuse, and does not warrant the assessment of points under risk factor 11 (Sex Offender Registration Act: Risk Assessment Guidelines and Commentary at 15 [2006]; *see People v Palmer*, 20 NY3d at 378).

Here, the People failed to establish by clear and convincing evidence that the defendant had a history of alcohol and drug abuse. The evidence presented by the People consisted of the presentence report, which stated that the defendant "occasionally" used alcohol, and listed the amount used by him as "1 drink." The People also relied upon an unexplained reference in the case summary prepared by the Board of Examiners of Sex Offenders that the defendant was scored in the "Strong Suggestion" range on the Michigan Alcohol Screening test. This proof was insufficient to show by clear and convincing evidence that the defendant had a history of alcohol abuse (*see People v Palmer*, 20 NY3d at 379). Accordingly, the Supreme Court should not have assessed 15 points under risk factor 11. The deduction of 15 points from the defendant's point total on the risk assessment instrument renders a score of 105, which results in a presumptive risk level of two. Accordingly, the defendant should be designated a level two sexually violent offender under SORA (*see* Correction Law § 168-d [3]). Rivera, J.P., Hall, Miller and Duffy, JJ., concur.