■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LORENZO CEJA, Appellant. [38 NYS3d 587]—Appeals by the defendant, as limited by his brief, from so much of (1) an order of the Supreme Court, Nassau County (Murphy, J.), dated March 30, 2015, as, after a hearing, designated him a level three sex offender pursuant to Correction Law article 6-C, and (2) an order of the same court, dated April 13, 2015, as also designated him a level three sex offender pursuant to Correction Law article 6-C.

Ordered that the appeal from the order dated March 30,

2015, is dismissed, without costs or disbursements, as that order was superseded by the order dated April 13, 2015; and it is further,

Ordered that the order dated April 13, 2015, is reversed insofar as appealed from, on the law, without costs or disbursements, the determination in the order dated March 30, 2015, designating the defendant a level three sex offender is vacated, and the defendant is designated a level two sex offender.

As the People correctly state, the order dated April 13, 2015, assessed the defendant a total risk assessment score of 110 points, which is 10 points less than the proposed total score of 120 points set forth in the risk assessment instrument (hereinafter the RAI) prepared by the Board of Examiners of Sex Offenders (hereinafter the Board). While the order itself fails to explain how the total score was calculated, the hearing minutes make clear that the defendant was assessed only 20 points under risk factor five (age of the victim), instead of the 30 points proposed by the Board in the RAI and requested by the People. Thus, contrary to the defendant's contention, the record confirms that he was assessed 20 points under risk factor five.

The Supreme Court erred, however, in assessing the defendant 15 points under risk factor eleven (drug or alcohol abuse), as the People failed to establish, by clear and convincing evidence, that the defendant had a history of alcohol abuse (*see People v Palmer*, 20 NY3d 373, 378-379 [2013]; *People v Rohoman*, 121 AD3d 876, 877 [2014]; *People v Coger*, 108 AD3d 1234, 1234-1235 [2013]; *People v Faul*, 81 AD3d 1246, 1247-1248 [2011]; *see also* Sex Offender Registration Act: Risk Assessment Guidelines and Commentary at 15 [2006]).

The defendant's remaining contention is unpreserved for appellate review (*see People v Charache*, 9 NY3d 829 [2007]; *People v Baker*, 138 AD3d 814 [2016]; *People v DeDona*, 102 AD3d 58, 63 [2012]), and we decline to reach it in the interest of justice.

Accordingly, the defendant should have received a total risk assessment score of 95 points, and should have been designated a level two sex offender. Rivera, J.P., Chambers, Roman and Hinds-Radix, JJ., concur.