People v Gonzalez (2018 NY Slip Op 00006)





People v Gonzalez


2018 NY Slip Op 00006


Decided on January 2, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 2, 2018

Manzanet-Daniels, J.P., Mazzarelli, Andrias, Gesmer, Oing, JJ.


5317 1033/12

[*1]The People of the State of New York, Respondent,
v
Roberto Gonzalez, Defendant-Appellant.


Seymour W. James, Jr., The Legal Aid Society, New York (Denise Fabiano of counsel), for appellant.
Cyrus R. Vance, Jr., District Attorney, New York (Samuel Z. Goldfine of counsel), for respondent.



Order, Supreme Court, New York County (Charles H. Solomon, J.), entered on or about December 19, 2013, which adjudicated defendant a level two sex offender pursuant to the Sex Offender Registration Act (Correction Law art 6-C), unanimously affirmed, without costs.
Defendant's claim that the court erred in certifying him as a sex offender on his underlying conviction of second-degree unlawful surveillance (a crime for which sex offender registration is not automatic) is not reviewable on this appeal from a risk level determination (see People v Lema, AD3d , Appeal No. 5306 [decided herewith]). Defendant's failure to challenge his certification on direct appeal of his conviction thus precludes review of his present claim.
In any event, regardless of the issue of reviewability, while defendant agreed to register as a sex offender as a condition of his plea bargain, the plea court expressly and appropriately exercised its discretion in certifying him as a sex offender. Although an exemption from sex offender registration for an unlawful surveillance conviction under Penal Law § 250.45(3) may be available if "registration would be unduly harsh and inappropriate" (Correction Law § 168-a[2][e]), defendant has not made such a showing, particularly given the circumstances of his crime (see People v Simmons, 129 AD3d 520 [1st Dept 2015], lv denied 26 NY3d 903 [2015]). As in Simmons, the "circumstances of the surveillance were repulsive, and they raise concerns about defendant's character and potential for recidivism" (Simmons, 129 AD3d at 521).
The court properly assessed 15 points under the risk factor for drug or alcohol abuse. Defendant's admissions to corrections officials of his extensive history of substance abuse provided clear and convincing evidence of such abuse, thus satisfying the standard set forth in People v Palmer (20 NY3d 373, 378-379 [2013]).
The court properly exercised its discretion in declining to grant a downward departure [*2](see People v Gillotti, 23 NY3d 841 [2014]). There were no mitigating factors that were not adequately taken into account by the risk assessment instrument, and the record does not establish any basis for a departure
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: JANUARY 2, 2018
CLERK