People v Weber (2018 NY Slip Op 01034)





People v Weber


2018 NY Slip Op 01034


Decided on February 13, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 13, 2018

Renwick, J.P., Andrias, Kapnick, Gesmer, Moulton, JJ.


2432/13 5696 5695

[*1]The People of the State of New York, Respondent,
v
Spencer Weber, Defendant-Appellant.


Seymour W. James, Jr., The Legal Aid Society, New York (Kristina Schwarz of counsel), for appellant.
Cyrus R. Vance, Jr., District Attorney, New York (Sheila L. Bautista of counsel), for respondent.



Judgment, Supreme Court, New York County (Michael J. Obus, J.), rendered October 31, 2013, convicting defendant, upon his plea of guilty, of forcible touching, and sentencing him to a term of 30 days and 6 years' probation, unanimously affirmed. Order, same court and Justice, entered on or about January 9, 2014, which adjudicated defendant a level two predicate sex offender pursuant to the Sex Offender Registration Act (Correction Law art 6-C), unanimously modified, on the law, to the extent of reducing the adjudication to level one, and otherwise affirmed, without costs.
As to the appeal from the judgment of conviction, we perceive no basis for reducing the sentence.
As to defendant's civil appeal from his sex offender adjudication, the People failed to establish by clear and convincing evidence that defendant should be assessed points for abusing drugs (see People v Palmer, 20 NY3d 373, 378-379 [2013]). There was evidence that defendant possessed bags of marijuana at the time of the instant arrest and on a prior occasion. However, he was not convicted of marijuana possession in either instance, and there was no evidence that he had smoked marijuana at the time of the offense. There was also no evidence that he had ever been screened or treated for substance abuse. Even assuming he could be found to have been a marijuana user, such use was not established to be more than occasional social use, and thus would not warrant the assessment of points under the risk factor for drug abuse (see id. at 378).
Because subtraction of the points at issue reduces defendant's classification to level one, we do not reach his remaining contention.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: FEBRUARY 13, 2018
CLERK