People v Shaw (2020 NY Slip Op 01446)





People v Shaw


2020 NY Slip Op 01446


Decided on March 3, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 3, 2020

Acosta, P.J., Friedman, Mazzarelli, Webber, JJ.


11184 7741/02

[*1] The People of the State of New York, Respondent,
v
Michael Shaw, Defendant-Appellant.


Robert S. Dean, Center for Appellate Litigation, New York (Beulah Agbabiaka of counsel), for appellant.
Cyrus R. Vance, Jr., District Attorney, New York (Vincent Rivellese of counsel), for respondent.



Order, Supreme Court, New York County (Ruth Pickholz, J.), entered on or about February 15, 2018, which adjudicated defendant a level three sexually violent offender pursuant to the Sex Offender Registration Act (Correction Law art 6-C), unanimously affirmed, without costs.
Although the hearing court did not adequately set forth its findings of fact and conclusions of law, the record is sufficient for this Court to make its own findings of fact and conclusions of law, and remittal is unnecessary (see People v Palmer, 20 NY3d 373, 380 [2013]). We find that the facts of the underlying rape as set forth in the case summary, including such aggravating factors as the use of a knife, were established by clear and convincing evidence. It is undisputed that defendant has a very extensive criminal history, both before the underlying 1993 rape and until defendant was identified by means of DNA in 2002.
The record supports the court's discretionary upward departure to level three (see People v Gillotti, 23 NY3d 841, 861-62 [2014]). Clear and convincing evidence established aggravating factors "bearing on defendant's likelihood of reoffense and the potential harm in the event of his reoffense" (People v Davis, 178 AD3d 635, 636 [1st Dept 2019]) that were not sufficiently taken into account by the risk assessment instrument. The instrument did not adequately assess the extent and egregiousness of defendant's criminal history before and after the underlying rape. Although none of these crimes were recent, defendant has been incarcerated until only recently and his ability to avoid reoffense while at liberty has not yet been established. The mitigating factors cited by defendant were adequately taken into account by the amended risk assessment instrument or outweighed by the aggravating factors.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: MARCH 3, 2020
CLERK