People v Tobo (2020 NY Slip Op 03556)





People v Tobo


2020 NY Slip Op 03556


Decided on June 24, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 24, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
JOSEPH J. MALTESE
BETSY BARROS
VALERIE BRATHWAITE NELSON
ANGELA G. IANNACCI, JJ.


2018-02557

[*1]People of State of New York, respondent,
v
Luis Tobo, appellant. Richard Cary Spivack, Forest Hills, NY, for appellant.


Melinda Katz, District Attorney, Kew Gardens, NY (Johnnette Traill, Joseph N. Ferdenzi, and Josette Simmons McGhee of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from an order of the Supreme Court, Queens County (Michelle A. Johnson, J.), dated February 2, 2018. The order, after a hearing, designated him a level two sex offender pursuant to Correction Law article 6-C.
ORDERED that the order is affirmed, without costs or disbursements.
The defendant was convicted, upon his plea of guilty, of rape in the first degree and sexual abuse in the third degree. After a hearing pursuant to the Sex Offender Registration Act (Correction Law art 6-C [hereinafter SORA]), the defendant was designated a level two sex offender. On appeal, the defendant challenges the assessment of 15 points under risk factor 11.
We agree with the Supreme Court's determination to assess 15 points under risk factor 11. In order to support the assessment of points under risk factor 11, "the People must show by clear and convincing evidence that the offender used alcohol in excess either at the time of the crime or repeatedly in the past" (People v Palmer, 20 NY3d 373, 378; see SORA: Risk Assessment Guidelines and Commentary at 15 [2006]; People v Leon, 172 AD3d 765, 766). Here, the assessment of these points was supported by clear and convincing evidence in the record. The case summary stated that, when interviewed for the presentence report, the defendant admitted that he was "drunk" at the time that he committed one of the instant crimes (see People v Alvarado, 173 AD3d 909, 909-910; People v Rosario, 164 AD3d 625, 626; People v Villanueva, 143 AD3d 794). In addition, the defendant scored in the "Problem Use" range on the Michigan Alcohol Screening Test and participated in an alcohol and substance abuse treatment program while incarcerated.
RIVERA, J.P., MALTESE, BARROS, BRATHWAITE NELSON and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court