People v Ramos (2022 NY Slip Op 01101)





People v Ramos


2022 NY Slip Op 01101


Decided on February 17, 2022


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: February 17, 2022

Before: Manzanet-Daniels, J.P., Gische, Mazzarelli, Friedman, Mendez, JJ. 


Ind No. 3112/16 Appeal No. 15332 Case No. 2020-00366 

[*1]The People of the State of New York, Respondent,
v
Carlos Ramos, Defendant-Appellant.


Robert S. Dean, Center for Appellate Litigation, New York (Alma D. Gonzalez of counsel), for appellant.
Darcel D. Clark, District Attorney, Bronx (Nicole Neckles of counsel), for respondent.



Order, Supreme Court, Bronx County (Ralph Fabrizio, J.), entered on or about November 14, 2019, which adjudicated defendant a level three sex offender pursuant to the Sex Offender Registration Act (Correction Law art 6-C), unanimously affirmed, without costs.
The point assessments at issue were supported by clear and convincing evidence. The court properly assessed points under the risk factor for drug abuse, based on defendant's admissions. Defendant's use of marijuana was not merely occasional or moderate (see People v Palmer, 20 NY3d 373, 378-379 [2013]), but abusive because he admitted he smoked all day long every day and was referred to a substance abuse program (see People v Sandoval, 176 AD3d 448, 448 [1st Dept 2019], lv denied 35 NY3d 901 [2020]). The court also properly assessed points under the factor for unsatisfactory conduct while confined. During his 18 months of incarceration, defendant's record included a Tier II disciplinary violation for fighting, and two other instances of improper conduct, including possession of pornography. These incidents were serious, and the pornography incident occurred only three months before defendant's scheduled release (see id. at 449). When either or both of these assessments is added to undisputed points, defendant is a presumptive level two offender.
The court providently exercised is discretion when it granted an upward departure to level three based on clear and convincing evidence establishing the existence of aggravating factors not adequately accounted for by the risk assessment instrument (see People v Gillotti, 23 NY3d 841, 861-62 [2014]). The court reasonably concluded that an increased likelihood of reoffense, not captured in the RAI, was indicated by, among other things, defendant's conviction for assault in the second degree, which occurred after the underlying sexual crime and was not considered in the risk factor for prior criminal history. Moreover, the assault was part of an incident in which defendant was taking photographs up a woman's skirt, and it occurred while defendant was awaiting sentencing on the underlying sex crime. The mitigating factors cited by defendant do not warrant a different result.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: February 17, 2022