People v Concepcion (2023 NY Slip Op 00399)

People v Concepcion

2023 NY Slip Op 00399

Decided on January 31, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: January 31, 2023

Before: Renwick, J.P., Webber, Singh, Rodriguez, Higgitt, JJ. 

Ind. No. 1295/15 Appeal No. 17204 Case No. 2017-1457 

[*1]The People of the State of New York, Respondent,
v
Yelinton Concepcion, Defendant-Appellant.

Justine M. Luongo, The Legal Aid Society, New York (Lorraine Maddalo of counsel), for appellant.
Alvin L. Bragg, Jr., District Attorney, New York (Samuel Z. Goldfine of counsel), for respondent.

Order, Supreme Court, New York County (Melissa C. Jackson, J.), entered on or about November 29, 2016, which adjudicated defendant a level two sexually violent offender pursuant to the Sex Offender Registration Act (Correction Law art 6-C), unanimously affirmed, without costs.
Clear and convincing evidence, including defendant's admissions to probation officials regarding his habitual marijuana use as well as his consumption of alcohol starting at age 10, and his participation in a drug and alcohol treatment program while incarcerated, supported the court's assessment of 15 points for a history of drug or alcohol abuse (see People v Palmer, 20 NY3d 373, 378-379 [2013]; People v Sandoval, 176 AD3d 448 [1st Dept 2019], lv denied 35 NY3d 901 [2020]).
Regardless of whether defendant's correct point score is 100, or 85 as he contends, we find no basis for a downward departure (see People v Gillotti, 23 NY3d 841 [2014]). Defendant's prison disciplinary record was not exemplary; on the contrary, he was convicted of promoting prison contraband. There were no mitigating factors that were not adequately taken into account by the guidelines or outweighed by the seriousness of the underlying crime.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: January 31, 2023