People v Currington (2023 NY Slip Op 04874)

People v Currington

2023 NY Slip Op 04874

Decided on September 29, 2023

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on September 29, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., MONTOUR, GREENWOOD, NOWAK, AND DELCONTE, JJ.

684 KA 22-00807

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
MARCUS CURRINGTON, DEFENDANT-APPELLANT. 

ANDREW D. CORREIA, PUBLIC DEFENDER, LYONS (BRIDGET L. FIELD OF COUNSEL), FOR DEFENDANT-APPELLANT. 
MICHAEL D. CALARCO, DISTRICT ATTORNEY, LYONS (R. MICHAEL TANTILLO OF COUNSEL), FOR RESPONDENT. 

 Appeal from an order of the Wayne County Court (John B. Nesbitt, J.), dated December 30, 2021. The order determined that defendant is a level two risk pursuant to the Sex Offender Registration Act. 
It is hereby ORDERED that the order so appealed from is unanimously modified on the law by determining that defendant is a level one risk pursuant to the Sex Offender Registration Act and as modified the order is affirmed without costs.
Memorandum: On appeal from an order determining that he is a level two risk pursuant to the Sex Offender Registration Act ([SORA] Correction Law § 168 et seq.), defendant contends that County Court erred in assessing 15 points under risk factor 11 on the risk assessment instrument (RAI) for his purported history of steroid abuse. We agree.
Initially, we note that, although defendant contended before the court that steroids are not within the class of drugs contemplated by SORA as warranting an assessment of points under risk factor 11 (cf. People v Niles, 159 AD3d 1175, 1176-1177 [3d Dept 2018]), he has not raised that contention on appeal, and thus that contention is deemed abandoned (see People v Richardson, 197 AD3d 878, 879 [4th Dept 2021], lv denied 37 NY3d 918 [2022]) and we do not address it (see generally People v Weber, — NY3d &mdash, — n 1, 2023 NY Slip Op 03301, *3 n 1 [2023]).
As relevant to the merits of this case, a sex offender is assessed 15 points under risk factor 11 if the sex offender "has a substance abuse history or was abusing drugs . . . at the time of the offense" (Sex Offender Registration Act: Risk Assessment Guidelines and Commentary at 15 [2006] [emphasis added]; see People v Palmer, 20 NY3d 373, 376 [2013]; Richardson, 197 AD3d at 879; People v Turner, 188 AD3d 1746, 1746-1747 [4th Dept 2020], lv denied 36 NY3d 910 [2021]). Consequently, "the points are properly assessed where the People establish a history of substance abuse by clear and convincing evidence . . . inasmuch as [a]n offender need not [have been] abusing . . . drugs at the time of the instant offense to receive points for that risk factor" (Turner, 188 AD3d at 1747 [internal quotation marks omitted]; see generally Correction Law § 168-n [3]; People v Mingo, 12 NY3d 563, 571 [2009]).
Here, we conclude that the People failed to prove by the requisite clear and convincing evidence that defendant had a history of substance abuse. Although the case summary presented by the People at the SORA hearing establishes that defendant was convicted under the Uniform Code of Military Justice (UCMJ) of possessing an unknown amount of testosterone and using an anabolic steroid (see UCMJ art 112a [10 USC § 912a]), which offense occurred nearly one year after the underlying sex offense of sexual abuse of a child (see UCMJ art 120b [c] [10 USC § 920b (c)]), there is "no evidence that defendant was ever screened for substance abuse issues" and " 'only very limited information about his alleged prior history of drug . . . abuse' " (People v [*2]Coger, 108 AD3d 1234, 1235 [4th Dept 2013]). Indeed, the sole information in the record regarding defendant's purported history of drug abuse is the "conclusory hearsay" statement (People v Kowal, 175 AD3d 1057, 1058 [4th Dept 2019]) of a correctional treatment specialist—here, a licensed marriage and family therapist—who commented in the updated treatment assessment he prepared prior to defendant's release from incarceration that defendant had "substance abuse problems with steroids pre-confinement" but that confinement had "cleaned . . . up" that problem such that defendant now understood "the repercussions of that type of abuse." Inasmuch as the only evidence that defendant abused steroids consists of a " 'hearsay statement[] that [is] vague, . . . equivocal, and otherwise unsubstantiated,' " the People failed to establish by the requisite clear and convincing evidence that defendant had a history of substance abuse (People v Wilson, 186 AD3d 1066, 1067 [4th Dept 2020], lv denied 36 NY3d 902 [2020]; see generally Mingo, 12 NY3d at 573; Kowal, 175 AD3d at 1058).
We therefore conclude that the court erred in assessing 15 points on the RAI for risk factor 11 and that defendant's score on the RAI must be reduced from 80 to 65, rendering him a presumptive level one risk. Under the circumstances of this case, we modify the order accordingly (see e.g. People v Madonna, 167 AD3d 1488, 1489 [4th Dept 2018]; Coger, 108 AD3d at 1236; cf. Weber, — NY3d at &mdash, 2023 NY Slip Op 03301, *1-5). In light of our determination, defendant's remaining contention is academic.
Entered: September 29, 2023
Ann Dillon Flynn
Clerk of the Court