People v Foy (2023 NY Slip Op 05697)

People v Foy

2023 NY Slip Op 05697

Decided on November 14, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: November 14, 2023

Before: Kapnick, J.P., Singh, Moulton, Shulman, Rosado, JJ. 

Ind No. 5606/99 Appeal No. 997 Case No. 2020-04952 

[*1]The People of the State of New York, Respondent,
v
Jazzmond Foy, Defendant-Appellant.

Caprice R. Jenerson, Office of the Appellate Defender, New York (Will A. Page of counsel), for appellant.
Alvin L. Bragg, Jr., District Attorney, New York (Molly Morgan of counsel), for respondent.

Order, Supreme Court, New York County (James Burke, J.), entered on or about December 10, 2020, which adjudicated defendant a level two sexually violent offender pursuant to the Sex Offender Registration Act (Correction Law art 6-C), unanimously affirmed, without costs.
The court properly assessed 15 points for a history of drug or alcohol abuse. Defendant admitted to his drug and alcohol use, which began at an early age and continued up until his arrest (see People v Palmer, 20 NY3d 373, 378-379 [2013]; People v Gonzalez, 157 AD3d 409, 409 [1st Dept 2018], lv denied 31 NY3d 901 [2018]). Although defendant abstained from drugs and alcohol during his 20 years of incarceration, "such remoteness and abstinence are unreliable predictors of the risk for re-offense postrelease, or to the threat posed by the sex offender to public safety" (People v Watson, 112 AD3d 501, 502-503 [1st Dept 2013], lv denied 22 NY3d 863 [2014]).
Defendant was also properly assessed 10 points for nonacceptance of responsibility. Defendant consistently minimized his role in the offense and denied his guilt, undermining his claims of genuine remorse (see People v Solomon, 202 AD3d 88, 95 [1st Dept 2021], lv denied 38 NY3d 906 [2022]).
Defendant's contention that the challenged points should be deducted based on the People's violation of the 10-day notice provision of Correction Law § 168-n(3) is unavailing. The court provided a sufficient remedy when it offered defendant an adjournment for further preparation, which defendant declined (see People v Quinones, 159 AD3d 424, 424 [1st Dept 2018]).
The court providently exercised its discretion when it declined to grant a downward departure (see People v Gillotti, 23 NY3d 841 [2014]). The mitigating factors cited by defendant, including his age at the time of the offense and his rehabilitative efforts while incarcerated, were adequately taken into account by the risk assessment instrument (see People v Ortiz, 160 AD3d 442, 443 [1st Dept 2018], lv denied 31 NY3d 913 [2018]). Plaintiff has not established that his medical condition would reduce his
risk of reoffense (see People v Hankerson, 166 AD3d 569, 569 [1st Dept 2018], lv denied 32 NY3d 919 [2019]). In any event, the mitigating factors were outweighed by the seriousness of the underlying crime.THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: November 14, 2023