People v Rivera (2025 NY Slip Op 00388)

People v Rivera

2025 NY Slip Op 00388

Decided on January 23, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: January 23, 2025

Before: Manzanet-Daniels, J.P., Kapnick, Shulman, Higgitt, Michael, JJ. 

Ind No. 37792/05 Appeal No. 3562 Case No. 2022-04852 

[*1]The People of the State of New York, Respondent,
v
William Rivera, Defendant-Appellant.

Jenay Nurse Guilford, Center for Appellate Litigation, New York (Luz Beato of counsel), for appellant.
Darcel D. Clark, District Attorney, Bronx (Katherine Triffon of counsel), for respondent.

Order, Supreme Court, Bronx County (Raymond L. Bruce, J.), entered on or about August 25, 2022, which adjudicated defendant a level three sexually violent offender pursuant to the Sex Offender Registration Act (Correction Law art 6-C), unanimously affirmed, without costs.
The court properly assessed 15 points under the risk factor for drug or alcohol abuse (see generally People v Palmer, 20 NY3d 373, 378-379 [2013]). Despite defendant's scores on the screening instruments during his prison intake, the People presented clear and convincing evidence that defendant had a history of cocaine abuse, based on his own admissions to correction personnel (see People v Correa, 202 AD3d 413, 414 [1st Dept 2022], lv denied 38 NY3d 909 [2022]). Defendant admitted that he abused cocaine, and his drug use was not too remote in time to support the assessment of points since the case summary indicates that his drug use continued in prison (see People v Bean, 190 AD3d 622, 623 [1st Dept 2021], lv denied 36 NY3d 913 [2021]).
The court providently exercised its discretion when it declined to grant a downward departure (see People v Gillotti, 23 NY3d 841 [2014]). The mitigating factors cited by defendant were adequately taken into account by the risk assessment instrument or were outweighed by the seriousness of defendant's sexual abuse of three young boys (see People v Williams, 220 AD3d 512, 513 [1st Dept 2023], lv denied 41 NY3d 905 [2024]). Defendant's rehabilitation in prison, participation in prison programming, family support, employment prospects, and lack of a criminal history were adequately taken into account, and defendant has not shown that his age, efforts at rehabilitation, claimed support network, and employment prospects reduced his risk of reoffense to an extent warranting a departure. 
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: January 23, 2025