People v Crane (2025 NY Slip Op 01530)

People v Crane

2025 NY Slip Op 01530

Decided on March 14, 2025

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 14, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., MONTOUR, GREENWOOD, NOWAK, AND KEANE, JJ.

793 KA 23-01423

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
WILLIAM L. CRANE, DEFENDANT-APPELLANT. 

LAW OFFICE OF MAURICE J. VERRILLO, P.C., ROCHESTER (MAURICE J. VERRILLO OF COUNSEL), FOR DEFENDANT-APPELLANT. 
BROOKS T. BAKER, DISTRICT ATTORNEY, BATH (JOHN C. TUNNEY OF COUNSEL), FOR RESPONDENT. 

 Appeal from an order of the Steuben County Court (Chauncey J. Watches, J.), dated July 31, 2023. The order determined that defendant is a level three risk pursuant to the Sex Offender Registration Act. 
It is hereby ORDERED that the order so appealed from is unanimously modified on the law by determining that defendant is a level two risk pursuant to the Sex Offender Registration Act and as modified the order is affirmed without costs.
Memorandum: On appeal from an order determining that he is a level three risk pursuant to the Sex Offender Registration Act (Correction Law § 168 et seq.), defendant contends that County Court erred in assessing points against him under risk factors 11 and 13 of the risk assessment instrument (RAI) because the People failed to prove by the requisite clear and convincing evidence that he was abusing alcohol at the time of the offensive conduct or that his conduct was unsatisfactory while confined (see generally § 168-n [3]; People v Mingo, 12 NY3d 563, 571 [2009]). We agree.
Offenders may be assessed 15 points under risk factor 11 if they have a history of drug or alcohol abuse (see People v Palmer, 20 NY3d 373, 377-378 [2013]). The People sought the assessment of points under risk factor 11 based on defendant's use of alcohol at the time of offensive conduct that occurred in 2016. As relevant here, "[i]n order to demonstrate that [defendant] was abusing . . . alcohol at the time of the offense, the People [were required to] show by clear and convincing evidence that [defendant] used alcohol in excess . . . at the time of the crime" (id. at 378 [internal quotation marks omitted]). Here, the victim informed a caseworker that, on the night of that incident, defendant had been "outside by the fire drinking." Defendant's ex-wife also indicated in her victim impact statement that defendant was "drunk" on the night of that incident, but it is unclear whether the source of her information was the victim or hearsay from an unidentified third-party with whom the victim had spoken and whose reliability could not be tested (see Mingo, 12 NY3d at 574). In contrast, the victim denied that defendant had been drinking at the time of the second incident and indicated that defendant "normally doesn't drink." In his interview with probation, defendant denied "current alcohol or substance use and . . . any current or past treatment for such." We conclude that there is no indication in the record that defendant abused alcohol by drinking in excess, that defendant became intoxicated, or that alcohol affected his behavior during the incident (see Palmer, 20 NY3d at 379). Nor is it "clear from the record what time the drinking occurred, how much [defendant] had to drink, and how much time passed before he abused [the] victim" (id.). The People thus failed to establish that defendant abused alcohol at the time of the offensive conduct, and the court erred in assessing 15 points under risk factor 11 (see id.; People v Currington, 219 AD3d 1701, 1703 [4th Dept 2023]; People v Kowal, 175 AD3d 1057, 1058 [4th Dept 2019]).
With respect to the assessment of points under risk factor 13, the Sex Offender [*2]Registration Act: Risk Assessment Guidelines and Commentary (2006) (Guidelines) note that an "offender's conduct while in custody or under supervision [may be] a predictor of future behavior" (Guidelines at 16). The Guidelines specifically reference offenders who engage in misconduct while in custody and those who engage in misconduct while "on probation or parole" (id.). Here, we conclude that defendant was not in custody or under supervision at the time of the alleged misconduct, and we agree with defendant that the court thus erred in assessing points under risk factor 13 (cf. People v Spencer, 197 AD3d 1004, 1005 [4th Dept 2021], lv denied 37 NY3d 1099 [2021]; People v Miller, 186 AD3d 1095, 1097 [4th Dept 2020], lv denied 36 NY3d 903 [2020]; People v Houck, 170 AD3d 1642, 1642 [4th Dept 2019], lv denied 33 NY3d 910 [2019]).
Inasmuch as the court erred in assessing 15 points on the RAI for risk factor 11 and 10 points for risk factor 13, defendant's score on the RAI must be reduced from 120 to 95, rendering him a presumptive level two risk (see generally People v Maund, 181 AD3d 1331, 1332 [4th Dept 2020]). We therefore modify the order accordingly.
We have considered defendant's remaining contentions and conclude that none warrants reversal or further modification of the order.
Entered: March 14, 2025
Ann Dillon Flynn
Clerk of the Court