People v Buckmaster (2025 NY Slip Op 04378)

People v Buckmaster

2025 NY Slip Op 04378

Decided on July 25, 2025

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 25, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: LINDLEY, J.P., CURRAN, SMITH, NOWAK, AND HANNAH, JJ.

522 KA 24-00425

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
ROBERT BUCKMASTER, DEFENDANT-APPELLANT. 

ANDREW J. DIPASQUALE, ROCHESTER, FOR DEFENDANT-APPELLANT.
BROOKS T. BAKER, DISTRICT ATTORNEY, BATH (JOHN C. TUNNEY OF COUNSEL), FOR RESPONDENT. 

 Appeal from an order of the Steuben County Court (Chauncey J. Watches, J.), entered March 4, 2024. The order determined that defendant is a level three risk pursuant to the Sex Offender Registration Act. 
It is hereby ORDERED that the order so appealed from is unanimously reversed in the interest of justice and on the law without costs and the matter is remitted to Steuben County Court for further proceedings in accordance with the following memorandum: On appeal from an order determining that he is a level three risk pursuant to the Sex Offender Registration Act (Correction Law § 168 et seq.), defendant contends that County Court erred in assessing points against him under risk factor 11 because the People failed to establish by clear and convincing evidence that he has a history of drug or alcohol abuse. We reject that contention. Although there is no evidence that defendant was under the influence of drugs or alcohol when he committed the qualifying offenses, the court properly determined that the People met their burden by relying on evidence that defendant said during his interview for the presentence investigation report that he had "a significant drinking problem" from 1978 to 1984 and that he continued to drink until he was incarcerated (see People v Anemaet, 235 AD3d 1298, 1298 [4th Dept 2025], lv denied 43 NY3d 907 [2025]; see generally People v Palmer, 20 NY3d 373, 376 [2013]; People v Carrington, 219 AD3d 1701, 1702 [4th Dept 2023]).
As the People correctly concede, however, the court violated defendant's due process rights by failing to notify him that it intended to assess points under risk factor 12 (failure to accept responsibility) that were not recommended by the Board of Examiners of Sex Offenders or requested by the People (see People v Costa, 225 AD3d 1257, 1259-1260 [4th Dept 2024]; People v Wilde, 181 AD3d 1324, 1325 [4th Dept 2020]; People v Chislev, 172 AD3d 1914, 1915-1916 [4th Dept 2019]). Although defendant failed to object to the assessment of points under risk factor 12 when the court rendered its oral decision, we "review defendant's contention in the interest of justice in light of the substantial infringement upon [his] due process and statutory rights" (Chislev, 172 AD3d at 1915 [internal quotation marks omitted]). Upon our review, we reverse the order, vacate defendant's risk level determination, and remit the matter to County Court for a new risk level determination, and a new hearing if necessary, in compliance with Correction Law § 168-n (3) (see id. at 1916).
Entered: July 25, 2025
Ann Dillon Flynn
Clerk of the Court