People v Stovall (2025 NY Slip Op 05833)

People v Stovall

2025 NY Slip Op 05833

Decided on October 22, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on October 22, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.

ROBERT J. MILLER

HELEN VOUTSINAS

DONNA-MARIE E. GOLIA, JJ.

2025-04349

[*1]People of State of New York, respondent,

v

Gregory Stovall, appellant.

Randall D. Unger, Kew Gardens, NY, for appellant.

Melinda Katz, District Attorney, Kew Gardens, NY (Johnnette Traill and William H. Branigan of counsel; Isabelle Earl on the brief), for respondent.

DECISION & ORDER

Appeal by the defendant from an order of the Supreme Court, Queens County (Leigh K. Cheng, J.), dated March 26, 2025, which, after a hearing, designated him a level three sex offender pursuant to Correction Law article 6-C.

ORDERED that the order is affirmed, without costs or disbursements.

The defendant was convicted, upon his plea of guilty, of rape in the first degree (Penal Law former § 130.35[1]). After a hearing pursuant to the Sex Offender Registration Act (Correction Law art 6-C), the Supreme Court designated the defendant a level three sex offender based upon the assessment of 130 points on the risk assessment instrument. The defendant appeals.

Contrary to the defendant's contention, the Supreme Court properly assessed 20 points under risk factor 7, since the People established by clear and convincing evidence that the victim was a stranger to the defendant (see Sex Offender Registration Act: Risk Assessment Guidelines and Commentary [hereinafter Guidelines] at 12 [2006]; People v Diaz, 34 NY3d 1179, 1181; People v DeJesus-Jiminez, 232 AD3d 915, 915).

The Supreme Court also properly assessed 15 points under risk factor 11, as the People presented clear and convincing evidence that the defendant had a history of substance abuse within the meaning of that risk factor (see Guidelines at 15; People v Wallace, 240 AD3d 527, 529; People v Tobo, 184 AD3d 885, 885).

Accordingly, the Supreme Court properly designated the defendant a level three sex offender.

IANNACCI, J.P., MILLER, VOUTSINAS and GOLIA, JJ., concur.

ENTER:

Darrell M. Joseph

Clerk of the Court