# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

1342

KA 12-01536

PRESENT: SMITH, J.P., FAHEY, LINDLEY, SCONIERS, AND WHALEN, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                                    MEMORANDUM AND ORDER

BRUCE VAILLANCOURT, DEFENDANT-APPELLANT.

---

TIMOTHY P. DONAHER, PUBLIC DEFENDER, ROCHESTER (JAMES ECKERT OF COUNSEL), FOR DEFENDANT-APPELLANT.

SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (NANCY GILLIGAN OF COUNSEL), FOR RESPONDENT.

---

Appeal from an order of the Supreme Court, Monroe County (Frank P. Geraci, Jr., A.J.), entered August 2, 2012. The order determined that defendant is a level three risk pursuant to the Sex Offender Registration Act.

It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.

Memorandum: Defendant appeals from an order determining that he is a level three risk pursuant to the Sex Offender Registration Act (Correction Law § 168 *et seq.*). We reject defendant's contention that Supreme Court erred in relying upon facts set forth in the case summary prepared by the Board of Examiners of Sex Offenders in determining his risk level. "The case summary may constitute clear and convincing evidence of the facts alleged therein and, where, as here, the defendant does not dispute the facts contained in the case summary, the case summary alone is sufficient to support the court's determination" (*People v Guzman*, 96 AD3d 1441, 1441-1442, *lv denied* 19 NY3d 812; *see People v Young*, 108 AD3d 1232, 1232, *lv denied* 22 NY3d 853, *rearg denied* ___ AD3d ___ [Dec. 17, 2013]; *People v McDaniel*, 27 AD3d 1158, 1159, *lv denied* 7 NY3d 703). Contrary to defendant's further contention, defense counsel's statement at the hearing that the court should not rely solely upon the case summary was not the equivalent of disputing the facts contained therein. Furthermore, defendant's contention that the court violated his due process rights by relying solely upon the case summary is without merit (*see People v Latimore*, 50 AD3d 1604, 1605, *lv denied* 10 NY3d 717; *cf. People v David W.*, 95 NY2d 130, 138-140; *see generally People v Montanez*, 88 AD3d 1278, 1279).

Contrary to defendant's further contention, "[t]he court's discretionary upward departure [to a level three risk] was based on

clear and convincing evidence of aggravating factors to a degree not taken into account by the risk assessment instrument" (*People v Sherard*, 73 AD3d 537, 537, *lv denied* 15 NY3d 707; *see People v Miller*, 48 AD3d 774, 775, *lv denied* 10 NY3d 711; *People v Sanford*, 47 AD3d 454, 454, *lv denied* 10 NY3d 707). The court properly relied upon several factors that, "as a matter of law, . . . tend[ed] to establish a higher likelihood of reoffense or danger to the community" (*People v Wyatt*, 89 AD3d 112, 123, *lv denied* 18 NY3d 803; *see People v Campbell*, 98 AD3d 5, 13, *lv denied* 20 NY3d 853). Those factors included the number of defendant's prior sex-related offenses, committed in a variety of settings and spanning nearly a quarter of a century, his diagnosis of voyeurism, his admission to committing additional sex acts for which he was not prosecuted, his prior violations of community-based supervision, and his earlier failures to complete sex offender treatment.