# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**184**
**KA 14-00721**
PRESENT: PERADOTTO, J.P., CARNI, SCONIERS, AND WHALEN, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                                MEMORANDUM AND ORDER

THOMAS SCZERBANIEWICZ, DEFENDANT-APPELLANT.

---

THEODORE W. STENUF, MINOA, FOR DEFENDANT-APPELLANT.

WILLIAM J. FITZPATRICK, DISTRICT ATTORNEY, SYRACUSE (VICTORIA M. WHITE OF COUNSEL), FOR RESPONDENT.

---

Appeal from an order of the Onondaga County Court (Joseph E. Fahey, J.), entered April 9, 2014.  The order determined that defendant is a level three risk pursuant to the Sex Offender Registration Act.

It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.

Memorandum:  Defendant appeals from an order determining that he is a level three risk pursuant to the Sex Offender Registration Act (Correction Law § 168 *et seq*.).  The Board of Examiners of Sex Offenders (Board) recommended that defendant be adjudicated a level one risk based on a score of 20 points on the risk assessment instrument, but it applied an override from that presumptive risk level based on the fact that defendant had been diagnosed with a "psychological abnormality" that decreased his ability to control "impulsive sexual behavior."  Consequently, the Board recommended that defendant be adjudicated a level three risk.  County Court did not apply the override, but determined that an upward departure from the presumptive risk level was warranted and adjudicated defendant a level three risk.  We affirm.

An upward departure is warranted where the People have established by clear and convincing evidence that there exist aggravating circumstances of a kind or to a degree not adequately taken into account by the risk assessment guidelines (*see People v Gillotti*, 23 NY3d 841, 861; *People v Moore*, 115 AD3d 1360, 1360-1361; *People v Vaillancourt*, 112 AD3d 1375, 1376, *lv denied* 22 NY3d 864), and we conclude that the People have met that burden in this case. Here, defendant's case summary establishes that defendant was arrested in connection with an investigation into a child pornography ring involving the production and sale of child pornography among individuals in 28 countries, after attempting to purchase from an

undercover U.S. Postal Inspector pornographic videos depicting a 12-year-old girl.  At the time of his arrest, defendant possessed over 1,500 images of child pornography, which included images of children involved in sadistic, masochistic, and otherwise violent acts, as well as approximately 2,000 images of child erotica.  He admitted to collecting the images over approximately 13 years before his arrest and to paying for some of the images.  He also admitted to masturbating to sexual fantasies of children while in prison, even after he had undergone sex offender treatment.  "[Those] facts contained in defendant's case summary, which were not disputed by defendant, constitute clear and convincing evidence in support of his classification as a level [three] offender" (*People v Girup*, 9 AD3d 913, 913-914).

Defendant further contends that the court erred in failing to grant a downward departure from risk level three based on mitigating factors.  We reject that contention.  The factors cited by defendant, primarily the conclusions of treating social workers that he presented a "low to moderate risk" to reoffend, were outweighed by the aggravating factors detailed above (*see People v Quinones*, 123 AD3d 460, 460; *People v Van Allen*, 287 AD2d 400, 400, *lv denied* 97 NY2d 709).

We have considered defendant's remaining contention and conclude that it is without merit.

Entered:  March 20, 2015                    Frances E. Cafarell
                                            Clerk of the Court