# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

870

KA 14-00928

PRESENT: CENTRA, J.P., LINDLEY, SCONIERS, WHALEN, AND DEJOSEPH, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                    MEMORANDUM AND ORDER

WILLIAM J. MOORE, DEFENDANT-APPELLANT.

---

THEODORE W. STENUF, MINOA, FOR DEFENDANT-APPELLANT.

WILLIAM J. FITZPATRICK, DISTRICT ATTORNEY, SYRACUSE (JAMES P. MAXWELL OF COUNSEL), FOR RESPONDENT.

---------------------------------------------------------------------------------------------------

Appeal from an order of the Onondaga County Court (Joseph E. Fahey, J.), dated May 8, 2014. The order determined that defendant is a level three risk pursuant to the Sex Offender Registration Act.

It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.

Memorandum: Defendant appeals from an order determining that he is a level three risk pursuant to the Sex Offender Registration Act (Correction Law § 168 *et seq*.). Based upon a total risk factor score of 85 points on the risk assessment instrument, defendant was presumptively classified a level two risk. In a prior appeal, we reversed an order determining that defendant was a level three risk based on the automatic override for a prior felony conviction of a sex crime (*see* Sex Offender Registration Act: Risk Assessment Guidelines and Commentary at 3-4 [2006]), and we vacated the risk level determination and remitted the matter to County Court for further proceedings in compliance with Correction Law § 168-n (3) (*People v Moore*, 115 AD3d 1360). Upon remittal, the court again determined that defendant is a level three risk.

Contrary to defendant's contention, "[t]he court's discretionary upward departure [to a level three risk] was based on clear and convincing evidence of aggravating factors to a degree not taken into account by the risk assessment instrument" (*People v Sherard*, 73 AD3d 537, 537, *lv denied* 15 NY3d 707). The court properly relied upon factors that, "as a matter of law, . . . tend[ed] to establish a higher likelihood of reoffense or danger to the community" (*People v Wyatt*, 89 AD3d 112, 123, *lv denied* 18 NY3d 803), including defendant's prior felony conviction of a sex crime, his difficulty controlling his impulses, and his victimization of young girls over an extended period of time (*see People v Vaillancourt*, 112 AD3d 1375, 1376, *lv denied* 22

NY3d 864).