People v Mangan (2019 NY Slip Op 05458)





People v Mangan


2019 NY Slip Op 05458


Decided on July 5, 2019


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 5, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., SMITH, CARNI, CURRAN, AND TROUTMAN, JJ.


547 KA 18-01501

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT
v
DAVID MANGAN, DEFENDANT-APPELLANT. 






CHARLES A. MARANGOLA, MORAVIA, FOR DEFENDANT-APPELLANT.
JON E. BUDELMANN, DISTRICT ATTORNEY, AUBURN (BRITTANY GROME ANTONACCI OF COUNSEL), FOR RESPONDENT. 


 Appeal from an order of the Cayuga County Court (Mark H. Fandrich, A.J.), dated May 10, 2018. The order determined that defendant is a level two risk pursuant to the Sex Offender Registration Act. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: Defendant appeals from an order determining that he is a level two risk pursuant to the Sex Offender Registration Act ([SORA] Correction Law § 168 et seq.). The Board of Examiners of Sex Offenders determined that defendant was a level one risk with a total risk factor score of 30, but it recommended an upward departure to a level two risk. At the People's request, County Court assessed additional points under risk factor 7 for conduct directed at a stranger, bringing defendant to a total risk factor score of 50, still a level one risk. The court thereafter ordered an upward departure to a level two risk. We affirm.
Defendant contends that there was insufficient evidence for the court to assess points against him under risk factors 5 and 7. We disagree. The People provided clear and convincing evidence supporting an assessment of points for risk factors 5 and 7, properly relying on the case summary to show that the victim in the image of child pornography in defendant's possession was younger than the age of 10 and was a stranger to defendant (see People v Vasquez, 149 AD3d 1584, 1585 [4th Dept 2017], lv denied 29 NY3d 916 [2017]; see generally Correction Law § 168-n [3]; People v Mingo, 12 NY3d 563, 571-572 [2009]; People v Johnson, 11 NY3d 416, 420 [2008]).
Contrary to defendant's additional contention, we conclude that "[t]he court's discretionary upward departure [to a level two risk] was based on clear and convincing evidence of aggravating factors to a degree not taken into account by the risk assessment instrument" (People v McCabe, 142 AD3d 1379, 1380 [4th Dept 2016] [internal quotation marks omitted]; see People v Tidd, 128 AD3d 1537, 1537 [4th Dept 2015], lv denied 25 NY3d 913 [2015]). In particular, the People presented evidence of defendant's contemporaneous conviction of a separate sex offense involving a police investigator posing as a minor victim, which "provides the basis for an upward departure inasmuch as it is indicative that the offender poses an increased risk to public safety" (People v Colsrud, 155 AD3d 1601, 1602 [4th Dept 2017] [internal quotation marks omitted]; see People v Ryan, 96 AD3d 1692, 1693 [4th Dept 2012], lv denied 20 NY3d 929 [2012]). The People also presented evidence of other aggravating factors justifying an upward departure, including defendant's interest in role-playing as a minor and his practice of having a sexual partner pretend to be a minor child during intercourse (see People v Sczerbaniewicz, 126 AD3d 1348, 1349 [4th Dept 2015]; see generally People v Hands, 37 AD3d 441, 441 [2d Dept 2007]).
To the extent that defendant established the existence of valid mitigating factors not taken [*2]into account by the risk assessment instrument, we conclude that they were plainly outweighed by the aggravating factors (see Sczerbaniewicz, 126 AD3d at 1349-1350).
Entered: July 5, 2019
Mark W. Bennett
Clerk of the Court