People v Turner (2020 NY Slip Op 06906)





People v Turner


2020 NY Slip Op 06906


Decided on November 20, 2020


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 20, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., CARNI, TROUTMAN, BANNISTER, AND DEJOSEPH, JJ.


950 KA 19-01439

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
LAWAYNE TURNER, DEFENDANT-APPELLANT. 






TIMOTHY P. DONAHER, PUBLIC DEFENDER, ROCHESTER (DAVID R. JUERGENS OF COUNSEL), FOR DEFENDANT-APPELLANT.
SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (NANCY GILLIGAN OF COUNSEL), FOR RESPONDENT. 


 Appeal from an order of the Monroe County Court (Christopher S. Ciaccio, J.), entered May 8, 2019. The order determined that defendant is a level two risk pursuant to the Sex Offender Registration Act. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: Defendant appeals from an order determining that he is a level two risk pursuant to the Sex Offender Registration Act ([SORA] Correction Law § 168 et seq.). Defendant failed to preserve for our review his contentions that County Court violated his due process rights by accepting his waiver of the right to appear at the SORA hearing (see People v Poleun, 119 AD3d 1378, 1378-1379 [4th Dept 2014], affd 26 NY3d 973 [2015]; People v Slishevsky, 174 AD3d 1399, 1399 [4th Dept 2019], lv denied 34 NY3d 908 [2020]; People v Akinpelu, 126 AD3d 1451, 1452 [4th Dept 2015], lv denied 25 NY3d 912 [2015]), by conducting the hearing in his absence (see People v Wall, 112 AD3d 900, 901 [2d Dept 2013]), and by allegedly failing to provide him with certain documents prior to the hearing (see People v Wise, 127 AD3d 834, 834-835 [2d Dept 2015], lv denied 25 NY3d 913 [2015]; People v Montanez, 88 AD3d 1278, 1279 [4th Dept 2011]). We decline to exercise our power to review those contentions as a matter of discretion in the interest of justice (see People v Roman, 179 AD3d 1455, 1455 [4th Dept 2020], lv denied 35 NY3d 907 [2020]).
We reject defendant's further contention that the court erred in assessing 15 points under risk factor 11. The SORA guidelines justify the addition of 15 points under risk factor 11 "if an offender has a substance abuse history or was abusing drugs . . . or alcohol at the time of the offense" (Sex Offender Registration Act: Risk Assessment Guidelines and Commentary at 15 [2006] [emphasis added]). Thus, the points are properly assessed where the People establish a history of substance abuse by clear and convincing evidence (see People v Kowal, 175 AD3d 1057, 1057 [4th Dept 2019]) inasmuch as "[a]n offender need not [have been] abusing alcohol or drugs at the time of the instant offense to receive points" for that risk factor (People v Kunz, 150 AD3d 1696, 1697 [4th Dept 2017], lv denied 29 NY3d 916 [2017] [internal quotation marks omitted]; see People v Arnold, 156 AD3d 1447, 1448 [4th Dept 2017], lv denied 31 NY3d 903 [2018]). Here, the evidence at the SORA hearing established that defendant had participated in an outpatient treatment program near the time of the underlying offense, that defendant had been referred to and engaged in substance abuse treatment while incarcerated, that defendant admitted to a history of drug use, and that he had been diagnosed as cannabis and alcohol dependent (see Kunz, 150 AD3d at 1697). Although defendant appears to have abstained from drug and alcohol use while incarcerated, a "recent history of abstinence while incarcerated is not necessarily predictive of his behavior when no longer under such supervision" (id.).
Entered: November 20, 2020
Mark W. Bennett
Clerk of the Court