People v Mejia (2020 NY Slip Op 07232)





People v Mejia


2020 NY Slip Op 07232


Decided on December 2, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 2, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
JOHN M. LEVENTHAL
ROBERT J. MILLER
COLLEEN D. DUFFY
HECTOR D. LASALLE, JJ.


2018-11172

[*1]People of State of New York, respondent,
v
Oscar Ayala Mejia, appellant.


Laurette D. Mulry, Riverhead, NY (Anju M. Alexander of counsel), for appellant.
Timothy D. Sini, District Attorney, Riverhead, NY (Kathleen Becker Langlan of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from an order of the County Court, Suffolk County (Barbara Kahn, J.), dated August 29, 2018, which, after a hearing, designated him a level two sex offender pursuant to Correction Law article 6-C.
ORDERED that the order is affirmed, without costs or disbursements.
A defendant seeking a downward departure from the presumptive risk level has the initial burden of "(1) identifying, as a matter of law, an appropriate mitigating factor, namely, a factor which tends to establish a lower likelihood of reoffense or danger to the community and is of a kind, or to a degree, that is otherwise not adequately taken into account by the [Sex Offender Registration Act (hereinafter SORA)] Guidelines; and (2) establishing the facts in support of its existence by a preponderance of the evidence" (People v Wyatt, 89 AD3d 112, 128; see People v Gillotti, 23 NY3d 841, 861; see also SORA: Risk Assessment Guidelines and Commentary at 4 [2006]). If the defendant makes that twofold showing, the court must exercise its discretion by weighing the mitigating factor to determine whether the totality of the circumstances warrants a departure to avoid an overassessment of the defendant's dangerousness and risk of sexual recidivism (see People v Gillotti, 23 NY3d at 861; People v Champagne, 140 AD3d 719, 720).
Contrary to the defendant's contention, he failed to sustain his burden of proof in support of his application for a downward departure. The defendant's contention that the victim's lack of consent which was due only to her inability to consent by virtue of her age was a mitigating factor which warranted a downward departure is unpreserved for appellate review since the defendant did not assert this contention during the SORA hearing (see CPL 470.05[2]). In any event, the defendant's contention is without merit. Based upon the particular facts and circumstances of this case, including the age disparity between the defendant and the victim, and the fact that the victim was only 12 years old, the defendant failed to demonstrate that the scoring of 25 points under risk factor 2, for sexual contact with the victim, resulted in an overassessment of his risk to the public safety (see People v Fryer, 101 AD3d 835, 836; People v Wyatt, 89 AD3d at 130).
The defendant's contention that his due process rights were violated when the County Court failed to adjourn the SORA hearing is unpreserved for appellate review and, in any event, [*2]without merit, inasmuch as the defendant never requested an adjournment (see CPL 470.05[2]; People v Williamson, 73 AD3d 1398; People v LaRock, 45 AD3d 1121, 1122).
Accordingly, we agree with the County Court's determination denying the defendant's application for a downward departure and designating him a level two sex offender.
MASTRO, J.P., LEVENTHAL, MILLER, DUFFY and LASALLE, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court