People v Martinez (2021 NY Slip Op 01900)





People v Martinez


2021 NY Slip Op 01900


Decided on March 26, 2021


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 26, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: PERADOTTO, J.P., CARNI, NEMOYER, TROUTMAN, AND WINSLOW, JJ.


256 KA 19-01641

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
ERIC X. MARTINEZ, DEFENDANT-APPELLANT. 






PAUL B. WATKINS, FAIRPORT, FOR DEFENDANT-APPELLANT.
JAMES B. RITTS, DISTRICT ATTORNEY, CANANDAIGUA (JEFFREY L. TAYLOR OF COUNSEL), FOR RESPONDENT. 


 Appeal from an order of the Ontario County Court (Frederick G. Reed, A.J.), dated February 22, 2018. The order, among other things, determined that defendant is a level three risk pursuant to the Sex Offender Registration Act. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: Defendant appeals from an order determining that he is a level three risk and a sexually violent offender pursuant to the Sex Offender Registration Act (Correction Law § 168 et seq.). We affirm.
Contrary to defendant's sole contention, we conclude that County Court properly assessed 15 points under risk factor 11 for his history of substance abuse inasmuch as " '[t]he statements in the case summary and [preplea] report with respect to defendant's substance abuse constitute reliable hearsay supporting the court's assessment of points under th[at] risk factor' " (People v Kunz, 150 AD3d 1696, 1696 [4th Dept 2017], lv denied 29 NY3d 916 [2017]; see People v Turner, 188 AD3d 1746, 1747 [4th Dept 2020]). The record establishes that defendant began using alcohol and marihuana as a teenager and continued to do so for about a decade, roughly until the time of the underlying sex offenses (see People v Lopez, 179 AD3d 1456, 1456 [4th Dept 2020], lv denied 35 NY3d 906 [2020]; Kunz, 150 AD3d at 1697). Additionally, to the extent that defendant preserved the issue for our review (see generally People v Perry, 174 AD3d 1234, 1235 [3d Dept 2019], lv denied 34 NY3d 905 [2019]), we conclude that the court properly relied on statements in the case summary establishing that, upon his reception into the Department of Corrections and Community Supervision, defendant scored in the "alcoholic" range on a screening evaluation (see People v Slishevsky, 174 AD3d 1399, 1400 [4th Dept 2019], lv denied 34 NY3d 908 [2020]; People v Leeson, 148 AD3d 1677, 1678 [4th Dept 2017], lv denied 29 NY3d 912 [2017]; cf. People v Rohoman, 121 AD3d 876, 877 [2d Dept 2014]; People v Coger, 108 AD3d 1234, 1235 [4th Dept 2013]; People v Madera, 100 AD3d 1111, 1112 [3d Dept 2012]). The case summary also establishes that defendant was "referred to and engaged in [alcohol and] substance abuse treatment while incarcerated" (Turner, 188 AD3d at 1747) which, contrary to defendant's assertion, "further support[s] the court's assessment of points for a history of drug or alcohol abuse" (People v Figueroa, 141 AD3d 1112, 1113 [4th Dept 2016], lv denied 28 NY3d 907 [2016]; see People v Barber, 173 AD3d 1857, 1858 [4th Dept 2019], lv denied 34 NY3d 903 [2019]). Thus, while defendant had also previously represented that his prior use of alcohol and marihuana was occasional only and had denied that he needed treatment, the court was entitled to reject those assertions inasmuch as they are contradicted by defendant's screening evaluation and his referral to and participation in alcohol and substance abuse treatment while incarcerated (see People v Glanowski, 140 AD3d 1625, 1626 [4th Dept 2016], lv denied 28 NY3d 902 [2016]; People v Englant, 118 AD3d 1289, 1289 [4th Dept 2014]). Based on the foregoing, even if it is unclear given his conflicting statements whether defendant also participated in outpatient substance abuse treatment prior to the underlying sex offenses, we [*2]conclude that the People nonetheless established by clear and convincing evidence that defendant had a history of substance abuse, thereby warranting the assessment of 15 points under risk factor 11 (see e.g. Slishevsky, 174 AD3d at 1400; Barber, 173 AD3d at 1858; see generally Correction Law § 168-n [3]).
Entered: March 26, 2021
Mark W. Bennett
Clerk of the Court