People v Congilaro (2021 NY Slip Op 02673)





People v Congilaro


2021 NY Slip Op 02673


Decided on April 30, 2021


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 30, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CENTRA, J.P., CARNI, NEMOYER, TROUTMAN, AND WINSLOW, JJ.


450 KA 19-01902

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
PHILIP CONGILARO, DEFENDANT-APPELLANT. 






DANIEL M. GRIEBEL, TONAWANDA, FOR DEFENDANT-APPELLANT.
JEFFREY S. CARPENTER, DISTRICT ATTORNEY, HERKIMER (ELIZABETH S. HEALY OF COUNSEL), FOR RESPONDENT. 


 Appeal from an order of the Herkimer County Court (John H. Crandall, J.), dated August 2, 2019. The order determined that defendant is a level two risk pursuant to the Sex Offender Registration Act. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: Defendant appeals from an order determining that he is a level two risk pursuant to the Sex Offender Registration Act ([SORA] Correction Law § 168 et seq.). Defendant failed to preserve for our review his contention that County Court violated his due process rights by accepting his waiver of the right to appear at the SORA hearing (see People v Poleun, 26 NY3d 973, 974-975 [2015]; People v Turner, 188 AD3d 1746, 1746 [4th Dept 2020], lv denied 36 NY3d 910 [2021]). In any event, we conclude that "defendant's right to due process was not violated inasmuch as the record establishes that defendant 'was advised of the [SORA] hearing date, of the right to be present at the hearing, and that the hearing would be conducted in his . . . absence,' and defendant waived his right to be present by informing the court in writing that he did not wish to appear" (People v Caleb, 170 AD3d 1618, 1618 [4th Dept 2019], lv denied 33 NY3d 910 [2019]). Contrary to defendant's further contention, he has failed to establish that defense counsel was ineffective (see generally People v Dean, 169 AD3d 1414, 1415 [4th Dept 2019]).
Entered: April 30, 2021
Mark W. Bennett
Clerk of the Court