People v Jones (2021 NY Slip Op 04467)





People v Jones


2021 NY Slip Op 04467


Decided on July 16, 2021


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 16, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CENTRA, J.P., CARNI, CURRAN, WINSLOW, AND DEJOSEPH, JJ.


658 KA 20-01461

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
RONALD JONES, DEFENDANT-APPELLANT. 






FRANK H. HISCOCK LEGAL AID SOCIETY, SYRACUSE (PIOTR BANASIAK OF COUNSEL), FOR DEFENDANT-APPELLANT. 


 Appeal from an order of the Onondaga County Court (Thomas J. Miller, J.), dated August 28, 2020. The order determined that defendant is a level three risk pursuant to the Sex Offender Registration Act. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: On appeal from an order determining that he is a level three risk pursuant to the Sex Offender Registration Act (Correction Law § 168 et seq.), defendant contends that County Court erred in assessing points against him under risk factor 3. We reject that contention. The People provided the requisite clear and convincing evidence to support the assessment of 30 points for risk factor 3, properly relying on the case summary to substantiate the number of victims (see People v Martinez, 192 AD3d 1663, 1663 [4th Dept 2021]; People v Mangan, 174 AD3d 1337, 1338 [4th Dept 2019], lv denied 34 NY3d 905 [2019]). According to the case summary, defendant and two other adult males gave three minor females alcohol and illegal drugs, engaged in sexual conduct with them, recorded portions of the sexual acts, and then posted the recordings on the Internet. Although defendant pleaded guilty to only one count of criminal sexual act in the third degree, "the court is not limited to consideration of the charges to which the defendant pleaded guilty" (People v Dubeau, 174 AD3d 748, 749 [2d Dept 2019], lv dismissed 34 NY3d 1150 [2020]; see People v Menjivar, 121 AD3d 660, 661 [2d Dept 2014], lv denied 24 NY3d 915 [2015]; People v Gardiner, 92 AD3d 1228, 1229 [4th Dept 2012], lv denied 19 NY3d 801 [2012]). Moreover, although defendant denies that he had sexual contact with more than one victim, risk factor 3 does not "require actual, physical, sexual contact between the offender and victim" (People v DeDona, 102 AD3d 58, 63 [2d Dept 2012]; see People v Izzo, 26 NY3d 999, 1002 [2015]).
Finally, contrary to defendant's further contention, we conclude that the court did not err in denying defendant's request for a downward departure from his presumptive risk level inasmuch as defendant "failed to establish by a preponderance of the evidence any ground for a downward departure" (People v Cathy, 134 AD3d 1579, 1579-1580 [4th Dept 2015] [internal quotation marks omitted]; see People v Martinez-Guzman, 109 AD3d 462, 462-463 [2d Dept 2013], lv denied 22 NY3d 854 [2013]). Moreover, even assuming, arguendo, that defendant established facts that might warrant a downward departure from his presumptive risk level, upon examining all of the relevant circumstances, we conclude that the court properly "exercised its discretion in denying defendant's application for a downward departure" (Martinez-Guzman, 109 AD3d at 463).
Entered: July 16, 2021
Mark W. Bennett
Clerk of the Court