People v Jackson (2022 NY Slip Op 01918)





People v Jackson


2022 NY Slip Op 01918


Decided on March 18, 2022


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 18, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: PERADOTTO, J.P., LINDLEY, CURRAN, WINSLOW, AND BANNISTER, JJ.


198 KA 21-01076

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
MICHAEL J. JACKSON, DEFENDANT-APPELLANT. 






FRANCIS M. CIARDI, ROCHESTER, FOR DEFENDANT-APPELLANT.


 Appeal from an order of the Steuben County Court (Chauncey J. Watches, J.), entered January 27, 2020. The order determined that defendant is a level two risk pursuant to the Sex Offender Registration Act. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: Defendant appeals from an order determining that he is a level two risk pursuant to the Sex Offender Registration Act ([SORA] Correction Law § 168 et seq.). We affirm.
Contrary to defendant's contention, County Court properly assessed 15 points under risk factor 11 for a history of drug or alcohol abuse. The SORA guidelines justify the addition of 15 points under risk factor 11 "if an offender has a substance abuse history or was abusing drugs . . . or alcohol at the time of the offense" (Sex Offender Registration Act: Risk Assessment Guidelines and Commentary at 15 [2006] [Guidelines]; see People v Palmer, 20 NY3d 373, 376 [2013]; People v Turner, 188 AD3d 1746, 1746-1747 [4th Dept 2020], lv denied 36 NY3d 910 [2021]). "A history of substance abuse within the meaning of risk factor 11 exists only when there is a pattern of drug or alcohol use in [the] defendant's history" (People v Kowal, 175 AD3d 1057, 1057 [4th Dept 2019] [internal quotation marks omitted]). Here, the People established by clear and convincing evidence that defendant was abusing alcohol at the time he committed the underlying offense, and that he had failed to complete a course for alcohol abuse treatment after developing an admittedly heavy drinking problem about a year before the underlying offense. Those facts warranted the assessment of points under risk factor 11 (see Palmer, 20 NY3d at 377-378; People v Stewart, 199 AD3d 1479, 1480 [4th Dept 2021]; Turner, 188 AD3d at 1747).
We reject defendant's further contention that the court erred in assessing 10 points against him under risk factor 12 for failure to accept responsibility (see Guidelines at 15-16). Although defendant pleaded guilty to the crime underlying the SORA determination, and made some statements to the probation officer preparing the presentence report wherein he admitted his guilt and accepted responsibility, there was evidence that those statements to the probation officer were rehearsed and not genuine, and defendant made other conflicting statements suggesting that he blamed the victim for the underlying offense (see People v Vasquez, 149 AD3d 1584, 1585 [4th Dept 2017], lv denied 29 NY3d 916 [2017]; People v Havens, 144 AD3d 1632, 1632-1633 [4th Dept 2016], lv denied 29 NY3d 901 [2017]; People v Noriega, 26 AD3d 767, 767 [4th Dept 2006], lv denied 6 NY3d 713 [2006]). Thus, "[t]he court properly concluded that defendant's statement[s] did not reflect a genuine acceptance of responsibility as required by the risk assessment guidelines developed by the Board [of Examiners of Sex Offenders]" (Vasquez, 149 AD3d at 1585 [internal quotation marks omitted]; see People v Askins, 148 AD3d 1598, 1598-1599 [4th Dept 2017], lv denied 29 NY3d 912 [2017]; People v Jamison, 137 AD3d 1742, 1743 [4th Dept 2016], lv denied 27 NY3d 910 [2016]). To the extent defendant argues that he was not afforded due process because the court did not engage in adequate fact-finding with respect to its assessment of points under risk factor 12, we conclude that his contention is unpreserved for our [*2]review because he did not assert at the hearing that his due process rights were being violated (see People v Mejia, 189 AD3d 900, 901 [2d Dept 2020], lv denied 37 NY3d 910 [2021]; Turner, 188 AD3d at 1746; People v Akinpelu, 126 AD3d 1451, 1452 [4th Dept 2015], lv denied 25 NY3d 912 [2015]).
Finally, defendant's contention that a downward departure from his presumptive risk level was warranted is without merit inasmuch as he failed to prove at the SORA hearing, by a preponderance of the evidence, a "mitigating factor of a kind, or to a degree, that is otherwise not adequately taken into account by the guidelines" (Guidelines at 4; see People v Mann, 177 AD3d 1319, 1320 [4th Dept 2019], lv denied 35 NY3d 902 [2020]). Even assuming, arguendo, that defendant surmounted the first two steps of the analysis (see generally People v Gillotti, 23 NY3d 841, 861 [2014]), upon weighing the mitigating circumstance against the aggravating circumstances, we conclude that the court did not abuse its discretion in denying the request for a downward departure because the totality of the circumstances demonstrates that "defendant's presumptive risk level does not represent an over-assessment of his dangerousness and risk of sexual recidivism" (People v Burgess, 191 AD3d 1256, 1257 [4th Dept 2021]; see People v Butler, 129 AD3d 1534, 1535 [4th Dept 2015], lv denied 26 NY3d 904 [2015]).
Entered: March 18, 2022
Ann Dillon Flynn
Clerk of the Court