People v Walker (2022 NY Slip Op 05172)

People v Walker

2022 NY Slip Op 05172

Decided on September 14, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on September 14, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
ANGELA G. IANNACCI
JOSEPH A. ZAYAS
LARA J. GENOVESI, JJ.

2017-12350
2017-12351

[*1]People of State of New York, respondent,
v
Robert Walker, appellant.

Patricia Pazner, New York, NY (Alice R. B. Cullina of counsel; Sarah Hardtke on the brief), for appellant.
Melinda Katz, District Attorney, Kew Gardens, NY (Johnnette Traill, William H. Branigan, and Benjamin N. Costanza of counsel), for respondent.

DECISION & ORDER
Appeals by the defendant from two orders of the Supreme Court, Queens County (Gia L. Morris, J.), both dated October 11, 2017, which, after a hearing, designated him a level three sex offender pursuant to Correction Law article 6-C.
ORDERED that the orders are affirmed, without costs or disbursements.
The defendant was convicted, upon a plea of guilty, of disseminating indecent material to minors in the first degree under Superior Court Information No. 1803/15. The defendant was also convicted, upon a plea of guilty, of disseminating indecent material to minors in the first degree under Superior Court Information No. 1804/15. In anticipation of the defendant's release from prison, the Supreme Court conducted a hearing pursuant to the Sex Offender Registration Act (Correction Law art 6-C; hereinafter SORA). In connection with the defendant's conviction under Superior Court Information No. 1803/15, the court assessed 40 points, resulting in the defendant's presumptive designation as a level one sex offender. In connection with the defendant's conviction under Superior Court Information No. 1804/15, the court assessed 80 points, resulting in the defendant's presumptive designation as a level two sex offender. The court then granted the People's application, upon the recommendation of the Board of Examiners of Sex Offenders, for an upward departure from the defendant's presumptive risk level designations, and designated the defendant a level three sex offender. The defendant appeals.
"An aggravating factor that may support an upward departure from an offender's presumptive risk level is one which tends to establish a higher likelihood of reoffense or danger to the community . . . than the presumptive risk level calculated on the risk assessment instrument" (People v DeDona, 102 AD3d 58, 68 [internal quotation marks omitted]; see People v Wyatt, 89 AD3d 112, 121). Where the People seek an upward departure, they must demonstrate that there exists an aggravating factor "of a kind, or to a degree, that is otherwise not adequately taken into account by the [G]uidelines" (Sex Offender Registration Act: Risk Assessment Guidelines and Commentary at 4 [2006] [hereinafter Guidelines]; see People v Gillotti, 23 NY3d 841, 861; People v Shim, 139 AD3d 68, 76; People v Wyatt, 89 AD3d at 121, 123). The People must prove the facts in support of the aggravating factor by clear and convincing evidence, and once this burden is [*2]satisfied, the SORA court may, in its discretion, choose to upwardly depart if the factor indicates that the point score on the risk assessment instrument has resulted in an underassessment of the offender's actual risk to the public (see People v Gillotti, 23 NY3d at 861; People v DeDona, 102 AD3d at 68; People v Wyatt, 89 AD3d at 123).
Here, the Supreme Court erroneously applied a preponderance of the evidence standard to the People's application for an upward departure. We need not remit the matter for a new determination, however, since the record is sufficient for this Court to make its own findings under the correct standard of proof (see People v Medina, 165 AD3d 1184, 1185; People v Bowden, 88 AD3d 972, 973). We find that the People established by clear and convincing evidence that certain aggravating factors, including the defendant's calculated and persistent pattern of grooming and exploiting the teenage victims and inducing them to pose naked for photographs and videos, which amounted to the creation of child pornography, were not fully taken into account by the Guidelines, and therefore supported an upward departure. The circumstances of the defendant's offense conduct were such that the presumptive risk levels reflected in the defendant's risk assessment instruments represented an underassessment of the defendant's actual danger to the community (see People v Samuels, 199 AD3d 1034, 1036; People v DeDona, 102 AD3d at 69; People v Agarwal, 96 AD3d 1450, 1451). Accordingly, under the circumstances of this case, even with respect to the conviction for which the defendant's presumptive risk level was one, it was appropriate to grant the People's application for an upward departure and to designate the defendant a level three sex offender.
Contrary to the defendant's contention, he was not deprived of the effective assistance of counsel at the SORA hearing (see People v Bowles, 89 AD3d 171, 181).
The defendant's remaining contention is academic in light of our determination.
DILLON, J.P., IANNACCI, ZAYAS and GENOVESI, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court