People v Santiago (2025 NY Slip Op 00684)

People v Santiago

2025 NY Slip Op 00684

Decided on February 5, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on February 5, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
CHERYL E. CHAMBERS
HELEN VOUTSINAS
JAMES P. MCCORMACK, JJ.

2023-09053

[*1]The People of the State of New York, respondent,
v
Noel Santiago, appellant. 

Jeffrey D. Cohen, Kew Gardens, NY, for appellant.
Melinda Katz, District Attorney, Kew Gardens, NY (Johnnette Traill and Danielle M. O'Boyle of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from an order of the Supreme Court, Queens County (Ira H. Margulis, J.), dated September 28, 2023, which, after a hearing, designated him a level three sex offender pursuant to Correction Law article 6-C.
ORDERED that the order is affirmed, without costs or disbursements.
In this proceeding pursuant to the Sex Offender Registration Act (Correction Law art 6-C; hereinafter SORA), the Supreme Court, after a hearing, designated the defendant a level three sex offender. The defendant appeals, challenging the assessment of points under risk factor 12 (see Sex Offender Registration Act: Risk Assessment Guidelines and Commentary at 15-16 [2006]).
"In establishing a defendant's risk level pursuant to SORA, the People bear the burden of establishing facts supporting the determination sought by clear and convincing evidence" (People v Brown, 194 AD3d 861, 861; see Correction Law § 168-n[3]). "In assessing points, evidence may be derived from the defendant's admissions, the victim's statements, evaluative reports completed by the supervising probation officer, parole officer, or corrections counselor, case summaries prepared by the Board of Examiners of Sex Offenders . . . or any other reliable source, including reliable hearsay" (People v Crandall, 90 AD3d 628, 629).
Here, the Supreme Court articulated the incorrect standard of proof when it assessed points under risk factor 12 for the defendant's failure to accept responsibility for his conduct. However, the record is sufficient for this Court to make its own findings under the correct standard of proof (see People v Walker, 208 AD3d 1190, 1192; People v Medina, 165 AD3d 1184, 1184-1185). Contrary to the defendant's contention, the Supreme Court's assessment of 10 points under risk factor 12 was supported by clear and convincing evidence, as the defendant's most recent credible statements demonstrated that he minimized his culpability and denied responsibility for his sexual misconduct, notwithstanding that he had participated in a sex offender treatment program (see People v Espinoza, 222 AD3d 668, 670; People v Davila, 208 AD3d 694, 695).
CONNOLLY, J.P., CHAMBERS, VOUTSINAS and MCCORMACK, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court