People v Knorr (2025 NY Slip Op 03478)

People v Knorr

2025 NY Slip Op 03478

Decided on June 6, 2025

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on June 6, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CURRAN, J.P., BANNISTER, SMITH, DELCONTE, AND HANNAH, JJ.

460 KA 23-01444

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
STEVEN P. KNORR, DEFENDANT-APPELLANT. 

KELIANN M. ARGY, ORCHARD PARK, FOR DEFENDANT-APPELLANT.
SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (MERIDETH H. SMITH OF COUNSEL), FOR RESPONDENT. 

 Appeal from an order of the Supreme Court, Monroe County (Vincent M. Dinolfo, J.), dated August 1, 2023. The order determined that defendant is a level two risk pursuant to the Sex Offender Registration Act. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: Defendant appeals from an order determining, inter alia, that he is a level two risk pursuant to the Sex Offender Registration Act ([SORA] Correction Law § 168 et seq.). We affirm.
Initially, to the extent that defendant contends that he was not afforded due process because Supreme Court did not allow him to speak on his own behalf during the SORA hearing, we conclude that his contention is unpreserved for our review because he did not assert at the hearing that his due process rights were being violated (see People v Jackson, 203 AD3d 1680, 1682 [4th Dept 2022]; People v Akinpelu, 126 AD3d 1451, 1452 [4th Dept 2015], lv denied 25 NY3d 912 [2015]; see also People v Mejia, 189 AD3d 900, 901 [2d Dept 2020], lv denied 37 NY3d 910 [2021]).
Defendant further contends that the court erred in granting an upward departure from his presumptive classification as a level one risk. We reject that contention. It is well settled that a court may grant an upward departure from a sex offender's presumptive risk level when the People establish, by clear and convincing evidence (see Correction Law § 168-n [3]; People v Gillotti, 23 NY3d 841, 861-862 [2014]), the existence of "an aggravating . . . factor of a kind, or to a degree, that is otherwise not adequately taken into account by the [risk assessment] guidelines" (Sex Offender Registration Act: Risk Assessment Guidelines and Commentary at 4 [2006]). An appropriate aggravating factor must "tend[ ] to establish a higher likelihood of reoffense or danger to the community" (People v Wyatt, 89 AD3d 112, 121 [2d Dept 2011], lv denied 18 NY3d 803 [2012]; see People v Norris, 223 AD3d 1060, 1061 [3d Dept 2024]; People v Sczerbaniewicz, 126 AD3d 1348, 1349 [4th Dept 2015]).
Here, the People presented undisputed evidence that, while defendant was serving a term of interim probation imposed in connection with his conviction of sexual abuse in the first degree (Penal Law § 130.65 [3]), he was seen at a children's play area with another young child, the child and her mother moved in with defendant, and photographs were recovered from defendant's phone showing him and the child, in a bed together, partially undressed. In short, those facts, essentially establishing grooming behaviors, constituted an aggravating factor not adequately accounted for by the risk assessment instrument and "provide[ ] the basis for an upward departure inasmuch [they are] indicative that the offender poses an increased risk to public safety" (People v Mangan, 174 AD3d 1337, 1338 [4th Dept 2019], lv denied 34 NY3d 905 [2019] [internal quotation marks omitted]; see generally People v Walker, 208 AD3d 1190, [*2]1192 [2d Dept 2022], lv denied 39 NY3d 906 [2023]; People v May, 77 AD3d 1388, 1388 [4th Dept 2010]).
In addition, contrary to defendant's contention, the court did not fail to weigh the aggravating and mitigating factors to determine whether the totality of the circumstances warranted an upward departure (see generally Gillotti, 23 NY3d at 861). We conclude that "[a]lthough the court did not explicitly set forth in its decision the alleged mitigating factors raised by defendant, there is nothing in the record . . . to suggest that the . . . court did not exercise [its] discretion in that respect" (People v Morin, 232 AD3d 1241, 1242 [4th Dept 2024], lv denied 43 NY3d 903 [2025] [internal quotation marks omitted]). Indeed, the court specifically concluded that a level one risk classification "does not—but [r]isk [l]evel [two] does—accurately convey the risk this [d]efendant presents in terms of dangerousness and risk of sexual recidivism" (see generally Gillotti, 23 NY3d at 861; Morin, 232 AD3d at 1242-1243).
Regardless, to the extent that defendant established the existence of valid mitigating factors not taken into account by the risk assessment instrument, we conclude that they were plainly outweighed by the aggravating factors (see Mangan, 174 AD3d at 1339; Sczerbaniewicz, 126 AD3d at 1349-1350).
Entered: June 6, 2025
Ann Dillon Flynn
Clerk of the Court