People v Robinson (2025 NY Slip Op 07031)

People v Robinson

2025 NY Slip Op 07031

Decided on December 17, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on December 17, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
WILLIAM G. FORD
JANICE A. TAYLOR
JAMES P. MCCORMACK, JJ.

2021-03274

[*1]The People of the State of New York, respondent,
vStevie Robinson, appellant.

Salvatore C. Adamo, New York, NY, for appellant.
William V. Grady, District Attorney, Poughkeepsie, NY (Amie M. Johnson of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from an order of the County Court, Dutchess County (Jessica Z. Segal, J.), dated April 20, 2021, which, after a hearing, designated him a level three sex offender pursuant to Correction Law article 6-C.
ORDERED that the order is affirmed, without costs or disbursements.
The defendant was convicted, upon a jury verdict, of one count of sodomy in the first degree, two counts of sexual abuse in the first degree, and one count of endangering the welfare of a child. Following a hearing pursuant to the Sex Offender Registration Act (SORA) (Correction Law art 6-C), the County Court assessed the defendant 95 points on the risk assessment instrument, rendering him a presumptive level two sex offender. The court granted the People's application for an upward departure and designated the defendant a level three sex offender. The defendant appeals.
The People proved, by clear and convincing evidence, that an aggravating factor of a kind and to a degree not adequately taken into account by the Sex Offender Registration Act: Risk Assessment Guidelines and Commentary (2006) existed in this case (see Correction Law § 168-n[3]; People v Gillotti, 23 NY3d 841, 861). Here, the defendant admitted to an evaluating psychiatrist and to an evaluating psychologist that he had engaged in a course of sexually predatory conduct for 20 years prior to committing the instant offenses, which had not been taken into account on the risk assessment instrument (see People v Gould, 239 AD3d 775, 776; People v Jenkins, 34 AD3d 352; People v Seils, 28 AD3d 1158). Further, the County Court providently exercised its discretion in determining that the totality of the circumstances warranted an upward departure to avoid an underassessment of the defendant's dangerousness and risk of sexual recidivism (see People v Gillotti, 23 NY3d at 861).
In light of our determination, we need not reach the defendant's remaining contention (see People v Walker, 208 AD3d 1190, 1192).
BRATHWAITE NELSON, J.P., FORD, TAYLOR and MCCORMACK, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court