People v Pierce
2026 NY Slip Op 04069
June 26, 2026
Appellate Division, Fourth Department
Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.
This decision is uncorrected and subject to revision before publication in the Official Reports.

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
JAMIQUE PIERCE, DEFENDANT-APPELLANT.

Supreme Court of the State of New York, Appellate Division, Fourth Judicial Department
Decided on June 26, 2026
338 KA 25-00952
Present: Whalen, P.J., Curran, Ogden, Nowak, And Delconte, JJ.

JULIE CIANCA, PUBLIC DEFENDER, ROCHESTER (CLEA WEISS OF COUNSEL), FOR DEFENDANT-APPELLANT.
BRIAN P. GREEN, DISTRICT ATTORNEY, ROCHESTER (MARTIN P. MCCARTHY, II, OF COUNSEL), FOR RESPONDENT.

Appeal from an order of the Supreme Court, Monroe County (Stephen T. Miller, A.J.), dated April 30, 2025. The order determined that defendant is a level two risk pursuant to the Sex Offender Registration Act.
[*1]
It is hereby ORDERED that the case is held, the decision is reserved and the matter is remitted to Supreme Court, Monroe County, for further proceedings in accordance with the following memorandum: Defendant appeals from an order determining that he is a level two risk pursuant to the Sex Offender Registration Act (SORA) (Correction Law § 168 et seq.).
Defendant contends, initially, that Supreme Court improperly relied on certain materials, including the case summary, inasmuch as they were not formally submitted in evidence at the SORA hearing (see generally People v Jewell, 119 AD3d 1446, 1447 [4th Dept 2014], lv denied 24 NY3d 905 [2014]; People v Fredenburg, 27 AD3d 970, 970 [3d Dept 2006]). That contention is not preserved for our review (see Jewell, 119 AD3d at 1447; see also People v Singleton, 221 AD3d 1517, 1517-1518 [4th Dept 2023], lv denied 41 NY3d 906 [2024]).
Next, defendant contends that the court erred in assessing points for risk factors 11 and 14 of the risk assessment instrument because the People failed to prove those risk factors by the requisite clear and convincing evidence (see generally Correction Law § 168-n [3]; People v Mingo, 12 NY3d 563, 571 [2009]). Contrary to defendant's contention with respect to risk factor 11, we conclude that the People established "a pattern of drug or alcohol use in . . . defendant's history evincing substance abuse" (People v Richardson, 197 AD3d 878, 879 [4th Dept 2021], lv denied 37 NY3d 918 [2022] [internal quotation marks omitted]; see generally People v Gerros, 175 AD3d 1111, 1111 [4th Dept 2019]). In addition, the case summary indicated that defendant used marihuana and alcohol with at least one of the underage victims (see People v Jackson, 203 AD3d 1680, 1681 [4th Dept 2022]).
With respect to risk factor 14, and with respect to the court's denial of defendant's request for a downward departure, the parties correctly agree that the court failed to set forth its findings of fact and conclusions of law, as required by Correction Law § 168-n (3) (see People v Dean, 169 AD3d 1414, 1415 [4th Dept 2019]). "Absent those findings and conclusions, we are unable to review [on the record before us] whether the court properly determined defendant's risk level" (People v Terrill, 17 AD3d 1045, 1046 [4th Dept 2005]; see People v Hoppe, 1 AD3d 712, 713 [3d Dept 2003]). We therefore hold the case, reserve decision, and remit the matter to Supreme Court for compliance with Correction Law § 168-n (3) (see Dean, 169 AD3d at 1415; People v Long, 81 AD3d 1432, 1433 [4th Dept 2011]; People v Cullen, 53 AD3d 1105, 1106 [4th Dept 2008]).
Entered: June 26, 2026
Ann Dillon Flynn
Clerk of the Court